PEOPLE *v.* PARKER.

1. Extortion—Sufficiency of Evidence.

   In prosecution for maliciously threatening to accuse another of
   crime with intent to extort money, verdict of conviction was
   fully sustained by the great weight of the evidence (Act No.
   328, § 213, Pub. Acts 1931).

2. Criminal Law—Cross-Examination—Scope of Redirect Examination.

   In a criminal prosecution it is not error to permit a prosecuting
   attorney on redirect examination to bring out more fully facts
   which defendant's attorney inquired into on cross-examination.

3. Same—Extradition—Affidavits—Cross-Examination.

   Trial court's order that prosecution of defendant, charged with
   extortion, who had been extradited from Indiana, proceed not-
   withstanding claim that copies of affidavit made for purpose
   of extraditing defendant were not true copies of the one filed
   with the governor was not reversible error where record does
   not contain a copy of either the affidavit filed with the gover-
   nor or the ones furnished defendant's attorneys, there is no
   showing any information was withheld from defendant's
   counsel or that they did not have ample time to procure a
   copy from the governor's office and no claim is made that the
   original affidavit contained information that would have aided
   defendant's counsel in cross-examination of a complaining wit-
   ness (Act No. 328, § 213, Pub. Acts 1931).

4. Same—Closing Argument of Prosecutor—Evidence—Failure
      of Defendant to Take Witness Stand.

   Prosecuting attorney's closing argument wherein he asserted that
   statements of the complaining witness were uncontradicted was
   not reversible error as calling attention to fact that defendant
   had not taken the stand where defendant offered no testimony
   except that of alibi witnesses and trial judge instructed jury

not to consider the fact that defendant had not taken the stand, and that in so doing he was exercising his privilege (Const. 1908, art. 2, § 16).

5. INDICTMENT AND INFORMATION—DUPLICITY—EXTORTION—FALSE IMPERSONATION OF OFFICER.

Claim that information was duplicitous in that it charged the false impersonation of an officer and a malicious threat to extort, first advanced on appeal, *held*, untenable where crime of extortion was plainly charged and defendant was not misled (Act No. 328, §§ 213, 215, Pub. Acts 1931).

6. EXTORTION—LARCENY BY TRICK—EVIDENCE.

In prosecution for extortion wherein there was proof of malicious threats to extort money by the illegal use of fear, threats and undue exercise of power, the question of guilt of the crime charged was properly left for consideration of jury and conviction of such crime rather than only larceny by trick was without error (Act No. 328, § 213, Pub. Acts 1931).

Appeal from Genesee; Gadola (Paul V.), J. Submitted October 14, 1943. (Docket No. 78, Calendar No. 41,704.) Decided November 29, 1943.

Gilbert Parker was convicted of extortion. Affirmed.

*George S. Fitzgerald* and *Cline & George* (*Paul B. Mayrand*, of counsel), for appellant.

BUTZEL, J. Defendant Gilbert Parker, known also by aliases, together with two others who were not apprehended, was charged with maliciously threatening to accuse Charles Bartlett of the crime of gross indecency with intent thereby to extort $5,000 from him, and with extorting such sum. Gilbert appeals from a judgment of conviction.

Inasmuch as appellant claims that the verdict was against the great weight of the evidence and against the law and the facts, it is necessary to review the

facts very briefly. It was shown that while Bartlett was in the lavatory of a hotel, another man entered and made a criminal assault upon him as Parker was looking over the partition. A third confederate, referred to as "Sergeant Malone," led away the assaulter. Parker, charging Bartlett with gross indecency, ordered him to walk ahead out of the hotel and when the men reached the street, they walked together to the rear of the police station, where Bartlett pleaded his innocence. Defendant, after examining Bartlett's driver's and fishing licenses, asked him whether he had any money and Bartlett told him he had some valuable shares of stock. They then returned to the hotel whereupon defendant said he would call up the sergeant and tell him that Bartlett was a man from out of town whom he had ordered to leave the city at once, and that Bartlett should go home and forget the incident. The following day, however, defendant appeared at Bartlett's home with "Sergeant Malone." They told Bartlett that the assaulter was in jail, that his folks were forcing the case, and that Bartlett would have to put up money to pay for a bond or be taken to jail. Bartlett stated that he had nothing but his stock. They said he could put up his stock or $2,500 in cash. Bartlett thereupon went to the bank, secured $2,500 on his stock, and met Parker in front of the hotel. They waited for "Sergeant Malone," to whom Bartlett gave the money, and 15 minutes later "Sergeant Malone" returned from what Bartlett thought was the police station and gave him a receipt running to a fictitious person on a form not issued by the police.

About a week later, while parking in a parking lot, Bartlett was again approached by defendant and "Sergeant Malone." They told him that the alleged assaulter was still in jail and that, in order to have

all the proceedings quashed, it would be necessary to put up another $2,500 for a bond to release the assaulter, and that as soon as he was out, it would be a matter of only a few days before they would return the entire $5,000. Thereupon defendant raised $2,500 more and paid it over. After some time had elapsed, not hearing from Parker or "Sergeant Malone," Bartlett made inquiry and found that he had been victimized. He thereupon swore out a warrant and later Parker was extradited from Indiana. Parker stood trial and was convicted. He made no effort to disprove Bartlett's testimony except to call two witnesses who testified that he was in Detroit the day of the alleged assault.

We find that the verdict is fully sustained by the great weight of the evidence. There is no merit in appellant's claim that the court erred in permitting the prosecuting attorney on redirect examination to bring out more fully facts which defendant's attorney inquired into on cross-examination.

Complaint is made that, although the prosecutor furnished defendant's attorneys two copies of the affidavit made for the purpose of extraditing defendant from Indiana, they were not exact copies of the one filed with the governor of Michigan. It is claimed that the latter affidavit has an additional paragraph. The record before us does not contain a copy of the affidavit furnished defendant's attorneys nor the one filed with the governor. The court told counsel that they had been informed as to where they could have obtained a copy of the original affidavit, and that, as far as the prosecution knew, the tentative copy furnished was a correct one. He ordered the case to proceed. There is no showing that any information was withheld from defendant's counsel or that they did not have ample time in which to secure a copy of the affidavit for extra-

dition from the governor's office. There is no claim that the original affidavit contained any information that would have aided defendant's counsel in cross-examination of a complaining witness. Motion for a new trial was denied. The case of *People* v. *Dellabonda,* 265 Mich. 486, stressed by defendant's counsel, is in no way applicable.

Error is claimed because the prosecuting attorney in his closing argument asserted that the statements of the complaining witness "are uncontradicted." Appellant contends this was equivalent to calling attention to the fact that the defendant did not take the witness stand. The appellant offered no testimony except that of the alibi witnesses. The judge instructed the jury not to consider the fact that defendant had not taken the stand, that he was exercising his privilege, a safeguard that the law had thrown about him.* In *People* v. *Sullivan,* 290 Mich. 414, we upheld the propriety of commenting upon the fact that defendant had offered no testimony to contradict the testimony on the part of the people.

At the beginning of the trial defendant's attorney read the statute referring to extortion, Act No. 328, § 213, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115-213, Stat. Ann. § 28.410), the crime with which defendant was charged and he also read the statute in regard to false impersonation, Act No. 328, § 215, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115-215, Stat. Ann. § 28.412). The latter offense is a misdemeanor and does not contain the element of extortion. After quoting the two statutes, appellant's attorney stated that he "would prefer that the reading of the information would charge the offense was solely impersonating an officer rather than extortion." The court did not agree with him. For the first time on appeal, appellant takes exception to

---

* See Const. 1908, art. 2, § 16.—Reporter.

the information. He claims it is duplicitous, in that it charges the false impersonation of an officer, and a malicious threat to extort. The crime charged was extortion, not the impersonation of an officer. Defendant was not misled by the information for it plainly charges extortion.

It is also claimed that the prosecution proved larceny by trick rather than malicious threats to extort money. Inasmuch as there were malicious threats to extort money by the illegal use of fear, threats and undue exercise of power, the charge was proper. The question of guilt under the charge was left to the jury, and we believe from the evidence that they decided correctly. We find no error.

We have examined other questions raised but do not find sufficient merit in them to require any discussion.

Conviction affirmed.

Boyles, C. J., and Chandler, North, Starr, Wiest, Bushnell, and Sharpe, JJ., concurred.