PEOPLE v. HIDER.

1. CRIMINAL LAW—TRIAL—STATEMENTS OF PROSECUTOR.
    Refusal of trial judge to grant mistrial because of statements by assistant prosecuting attorney in summation concerning the contentions of the defense was not reversible error in light of circumstances under which remarks were made, the fact that defense counsel objected only to the inaccuracy of statements, and the adequacy of trial judge's instructions to jury regarding remarks of counsel.

---

REFERENCES FOR POINTS IN HEADNOTES
[1–5] 53 Am Jur, Trial § 470 *et seq.*
    What amounts to violation of statute forbidding comment by prosecuting attorney on failure of accused to testify, 68 ALR 1108.
    Prosecuting attorney's reference to defendant's failure to testify as prejudicial, 84 ALR 784.
    Comment on accused's failure to testify, by counsel for codefendant, 1 ALR3d 989.

2. SAME—TRIAL—STATEMENTS OF PROSECUTOR—COMMENT ON FAILURE OF ACCUSED TO TESTIFY.

A prosecutor is not at liberty to comment directly or indirectly on a defendant's failure to testify (CLS 1961, § 600.2159).

3. SAME—TRIAL—STATEMENTS OF PROSECUTOR—COMMENT ON FAILURE OF ACCUSED TO TESTIFY.

Comment by prosecutor that defense had not presented "one iota of testimony" to prove that defendant was not present at armed robbery did not constitute indirect comment on accused's failure to testify where defense in opening statement claims it will produce such testimony (CL 1948, § 750.529).

4. SAME—APPEAL AND ERROR—STATEMENTS BY PROSECUTOR—FAILURE TO OBJECT.

Court of Appeals will not consider on appeal as assignments of error statements of prosecutor made in final argument to jury where defense counsel failed to object to statements at trial.

5. SAME—TRIAL—STATEMENTS BY PROSECUTOR.

Statement by prosecutor in objection to question posed by defense counsel on cross-examination, referring to police report being used to refresh recollection of witness: "I believe that this document will speak for itself if he wants to offer it, fine", was objectionable and undesirable but did not cause reversible error where remarks did not prejudice result of defendant's cause.

Appeal from recorder's court of Detroit, Koscinski (Arthur J.), J. Submitted Division 1 December 14, 1966, at Detroit. (Docket No. 1,913.) Decided July 26, 1968. Leave to appeal denied September 24, 1968. See 381 Mich 776.

Hurley Hider was convicted of robbery armed. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-

pellate Lawyer, and *Richard Padzieski,* Assistant Prosecuting Attorney, for the people.

*John D. O'Connell,* for defendant.

LESINSKI, C. J. Appeal is taken by defendant, Hurley Hider, from a conviction for robbery armed[1] in recorder's court for the city of Detroit.

Defendant Hider was jointly tried by a jury with John Thomas for robbing at gun point Meyers' Market located at 19231 Hershey avenue in the city of Detroit. During the course of the trial, three eye-witnesses identified defendant as one of two men who committed the holdup. Harold Meyers identified the defendant as one of two men who came into his store about 2:30 p.m. on September 24, 1964 and took, at gun point, approximately $265. Twyla Goins and Douglas Kramer, customers in the store during the course of the robbery, also identified the defendant.

Upon a finding of guilty as charged and a conviction thereon, defendant appeals and assigns as prejudicial certain statements and comments of the prosecutor made in the presence of the jury.

Defendant first contends that the following remarks of the prosecuting attorney in his *final argument* to the jury were prejudicial:

"Now counsel [defense] in his opening statement as to what they expected to prove have testified that they were going to show you that Hurley Hider and John Thomas couldn't have been at that market and there hasn't been one iota of testimony presented in this case."

The prosecution replies that the summation was in response to the following *opening statement* by the defense counsel:

---

[1] CLS 1961, § 750.529 (Stat Ann 1968 Cum Supp § 28.797).

"Judge Koscinski, ladies and gentlemen, for the defendant, Hider, *it is our position that he was not present* when this holdup took place, didn't take part in it, didn't have anything to do with it, didn't go into the store, didn't have a gun, didn't take any money, and has at all times denied that he was guilty of the offense." (Emphasis supplied.)

The remarks of the assistant prosecuting attorney made in final argument against the opening statement of the defense were erroneous as to what was said by defense counsel. Additionally, the remarks tended to place an improper burden of proof upon the defense. Defense counsel, however, did not challenge the impropriety of what was suggested by the remarks but merely contested the accuracy of the prosecutor's recollection of his opening statement. Based on this, the defense sought a mistrial which the court properly denied.

A review of the court's instructions to the jury reveals that the court advised the jury that it must follow the law as the court gave it; that what the attorneys said in the matter as to the testimony was not binding on the jury; and that the defendant was presumed innocent and that he was not compelled to produce any testimony in his own behalf because he does not have to prove his innocence.

Reviewing the remarks of the prosecution in the light of the circumstances under which they were made, the basis of the defendant's counsel's objection at the time he voiced his objection, and the court's instructions to the jury, we find no reversible error occasioned thereby.

It is further claimed that the above remarks constituted an indirect comment by the prosecutor that defendant had not taken the witness stand in his own behalf.

The proposition is settled in this state by statute that a prosecutor is not at liberty to comment di-

rectly or indirectly on the defendant's failure to testify. CLS 1961, § 600.2159 (Stat Ann 1962 Rev § 27A.2159). See, also, *People* v. *Parker* (1943), 307 Mich 372; *People* v. *Earl* (1941), 299 Mich 579. The contention of the defendant that the prosecutor's remarks constituted an indirect comment on the accused's failure to testify is without merit.

Defendant has assigned as error various other statements of the prosecutor made in his final argument to the jury. Defense did not direct the court's attention to these remarks by timely objections. We will not consider them on appeal. *People* v. *Hancock* (1950), 326 Mich 471; *People* v. *Omacht* (1950), 326 Mich 505; *People* v. *Zesk* (1944), 309 Mich 129.

Defendant finally contends that the prosecutor, in the presence of the jury, committed prejudicial error in remarking "I believe that this document will speak for itself if he wants to offer it, fine" with reference to a certain "report on order"[2] which was used by a witness to refresh his recollection during cross-examination by Mr. O'Connell.

The following is an excerpt from the record of the cross-examination by Mr. O'Connell of officer Philip Kolnoff:

"*Q.* Officer, did anyone tell you that either one of the holdup men had any bandages on his hands?
"*A.* I don't recall.
"*Q.* Do you mean you don't know if they did or not?
"*A.* No, sir.
"*Q.* Well, you would have written it in your report on order if they had told you, wouldn't they?
"*A.* Yes, sir.

---

[2] A police report summarizing the statements of *res gestae* witnesses. The report itself was clearly inadmissible as hearsay.

"*Q.* Well, would reading your report on order refresh your recollection in that connection?

"*A.* It might. It's been a while.

"*Q.* Does that refresh your recollection, officer?

"*A.* Yes, it does.

"*Q.* Did either one of the men—

"*Mr. Connor:* (*Interposing*) Well, —

"*Q.* (*By Mr. O'Connell*) (*Continuing*) —tell you—

"*Mr. Connor:* (*Interposing*) I object to this, your Honor. This is all hearsay on the same grounds that Counsel made.

"*Mr. O'Connell:* Well, —

"*Mr. Connor:* (*Interposing*) *I also might state that I believe that this document will speak for itself if he wants to offer it, fine.*

"*Mr. O'Connell:* Something that nobody said is hearsay, your Honor. I don't see how he can reason that.

"*The Court:* No, there has been a previous examination of the witnesses here as to what they told the police, the witnesses who testified here Friday. What applies to you doesn't apply to Mr. O'Connell in this case. He has a right to cross examine the officer, test the story, the testimony of the previous witnesses who testified.

"*Mr. Connor:* All right, then your Honor, *I submit that this document will speak for itself as to what is in it or what is not in it, and if he wants to submit this document, I would have no objections.*

"*Mr. O'Connell:* We ask for a mistrial, your Honor.

"*The Court:* Denied." (Emphasis supplied.)

The Court subsequently overruled Mr. Connor's objection and permitted the witness to answer the question after refreshing his recollection.

Although these remarks by the prosecutor are objectionable and undesirable, they do not constitute reversible error. We do not believe that the remarks as disclosed by this record prejudiced the

result of the defendant's cause. See *People v. Milhem* (1957), 350 Mich 497; *People v. Morehouse* (1950), 328 Mich 689 (34 ALR2d 676); *People v. Hoek* (1912), 169 Mich 87.

Affirmed.

Burns and Levin, JJ., concurred.