PEOPLE *v.* JACOBONI
PEOPLE *v.* DELESANTO
PEOPLE *v.* EASON
PEOPLE *v.* TAYLOR

1. CRIMINAL LAW—PROSECUTOR'S COMMENT—FAILURE OF DEFENDANT TO TESTIFY.

A prosecutor's closing remark that the evidence and testimony were uncontradicted does not constitute a comment on the failure of a defendant to testify, even if the only possible contradictory testimony could have come from the defendant (MCLA § 600.2159).

2. CRIMINAL LAW—SEPARATE OFFENSES—CHARGE ON LEGALLY IMPOSSIBLE CRIME—PREJUDICIAL EFFECT.

Defendant was not entitled to a new trial on his conviction by a jury of conspiracy to commit bribery, even though in the same trial defendant was convicted of receipt of a bribe by a public official, a legally impossible crime since defendant was not a public official, where any possible influence the legally impossible charge might have had on the permissible charge was eliminated by the trial judge's instructing the jury that the two crimes were separate and that conviction of one did not necessarily entail conviction of the other and where the issue of the legally impossible crime was not raised at trial, because if it had been, the people could have taken appropriate action.

3. CRIMINAL LAW—DOUBLE JEOPARDY—COLLATERAL ESTOPPEL.

Convictions of conspiring to bribe and the bribery of a public official were reversed as barred by the double jeopardy clause

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 472.
[2] 41 Am Jur 2d, Indictments and Informations § 213 *et seq.*
[3] 21 Am Jur 2d, Criminal Law § 217.
    Modern status of doctrine of res judicata in criminal cases. 9 ALR3d 203.

and the doctrine of collateral estoppel where defendant had been tried and convicted of three counts of perjury, based on his answers to three questions of a grand juror, the questions were the subject matter of the appealed convictions, two of the convictions had been reversed because of insufficient evidence and the third conviction had been upheld.

Appeal from Oakland, Frederick C. Ziem, J. Submitted Division 2 March 3, 1971, at Lansing. (Docket Nos. 9433, 10173.) Decided May 25, 1971. Leave to appeal denied as to Jacoboni and Eason, 385 Mich 789.

Carmen Jacoboni and Angelo Delesanto were convicted of conspiracy to commit bribery and the receipt of bribes by public officials. Tatum Eason was convicted of conspiracy to commit bribery. Marshall Taylor was convicted of conspiracy to commit bribery and the bribery of a public official. Defendants appeal. Cases consolidated by order of the Court of Appeals. Affirmed as to defendants Jacoboni, Delesanto, and Eason. Reversed without a new trial as to defendant Taylor.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Dennis Donohue,* Chief, Appellate Division, for the people.

*Fenton, Nederlander, Dodge & Barris, P.C.,* for defendants Jacoboni, Delesanto, and Eason.

*Seymour Berger,* for defendant Taylor.

Before: R. B. BURNS, P. J., and J. H. GILLIS and T. M. BURNS, JJ.

PER CURIAM. This is a bribery case. Defendants Jacoboni, Delesanto, and Eason (and others not here appellants) were indicted on three counts: Count

I, conspiracy to commit the crime of bribery, MCLA § 750.505 (Stat Ann 1954 Rev § 28.773); Count II, the bribery of a public official, MCLA § 750.117 (Stat Ann 1962 Rev § 28.312); and Count III, the receipt of a bribe by a public official, MCLA § 750.118 (Stat Ann 1962 Rev § 28.313). Defendants Jacoboni and Delesanto were found guilty on Counts I and III. Defendant Taylor was convicted on Counts I and II only. He appealed separately and that appeal has been here consolidated. Pursuant to post-trial motions on behalf of all defendants, a new trial as to defendant Eason and only as to Count III of his conviction was granted; all other motions were denied.

None of the appellants took the stand on their own behalf. In his closing argument, the prosecutor indicated that the facts shown and testimony elicited by the people were uncontradicted. Appellants assert this as error as comment upon their failure to take the stand. It is improper for the prosecutor to comment on the failure of a defendant to testify. MCLA § 600.2159 (Stat Ann 1962 Rev § 27A.2159). The complained-of remarks of the prosecutor that the testimony was uncontradicted does not amount to such forbidden comment. *People* v. *Parker* (1943), 307 Mich 372; *People* v. *Sullivan* (1939), 290 Mich 414. This is also true even where the only possible contradictory testimony could have come from the mouth of the defendant himself. *People* v. *Hider* (1968), 12 Mich App 526; *People* v. *Parker, supra.*

The court properly instructed the jury that they could neither discuss nor consider such failure to take the stand as evidence of guilt. Appellants, however, urged that they were entitled to a further instruction in this regard, relying on *Griffin* v. *California* (1965), 380 US 609 (89 S Ct 1229, 14 L Ed

2d 106). Their contention in this regard is incorrect and their citation to *Patrick* v. *Carrier-Stevens Company* (1959), 358 Mich 94, is misleading.

Defendant Eason was not a public official within the meaning of the bribery statute and as such was incapable of being convicted of the crime of accepting a bribe. He was convicted of accepting a bribe and it was for this reason that a new trial was granted as to him only, the court being of the opinion that it should have instructed the jury on the theory of aiding and abetting and that it was error not to do so. This matter was not brought up until the motion for a new trial. Because his conviction was a legal impossibility, defendant Eason claims that it was error for the jury to consider and convict him of this count and that being the case, that the jury verdict as to Count I was probably influenced thereby. This contention is untenable for two reasons. First, the court amply instructed the jury that the two crimes were separate and conviction of one did not mean conviction of the other, and more importantly, this issue was never raised at the trial; had it been raised, no doubt the people would have taken appropriate action.

These proceedings grew out of prior proceedings before Oakland County one-man grand juror Phillip Pratt. Defendant Taylor was asked the following questions by Judge Pratt, and answered "no" to all three:

"1. While you were on the township board, did anyone ever approach you and offer you any consideration, money or otherwise in an attempt to influence your vote on any matter coming before the board?

"2. And did anyone complete the attempt, that is, did anyone actually pay you some money or any

other consideration for your vote on any matter before the township board?

"3. Do you have any knowledge of anyone paying any money to any township official to influence the action of such official?"

Defendant Taylor was tried by a jury and found guilty of perjury. MCLA § 750.422 (Stat Ann 1954 Rev § 28.664). His convictions as to counts based on questions 1 and 2 were reversed by this Court in *People* v. *Taylor* (1969), 18 Mich App 381, based on the insufficiency of the evidence. There was, however, sufficient evidence to support a finding that Taylor in fact lied by answering question 3 in the negative.

Taylor asserts that the instant prosecution and conviction are violative of the protection afforded him against being placed in double jeopardy and that the proceedings are also barred by the doctrine of collateral estoppel. He is correct in both respects.

"No person shall be subject for the same offense to be twice put in jeopardy." Const 1963, art 1, § 15.

"No person shall be held to answer on a second charge of indictment for any offense for which he has been acquitted upon the facts and merits of the former trial but such acquittal may be pleaded or given in evidence by him in bar of any subsequent prosecution for the same offense." MCLA § 763.5 (Stat Ann 1954 Rev § 28.858).

In determining what constitutes the "same offense" we follow the test laid down by the Michigan Supreme Court in *People* v. *Cook* (1926), 236 Mich 333, 335 and *People* v. *Beverly* (1929), 247 Mich 353, 355. That test is:

"to ascertain whether the facts alleged in the second indictment would, if given in evidence, have

warranted a conviction on the first" [assuming that they *would* support the first conviction].

As regards all three of the questions posed by Judge Pratt, Taylor was in jeopardy as was well proven by his convictions of perjury in denying those allegations. The fact that two of his convictions were subsequently reversed has no bearing on the matter. *Green* v. *United States* (1957), 355 US 184 (78 S Ct 221, 2 L Ed 2d 199, 61 ALR2d 1199).

All three questions were the subject matter of the instant proceedings as well. The first two had once been determined in favor of Taylor. They cannot now be collaterally attacked. *People* v. *Albers* (1904), 137 Mich 678; *People* v. *Sharp* (1967), 9 Mich App 34; *Ashe* v. *Swenson* (1970), 397 US 436 (90 C St 1189, 25 L Ed 2d 469).

The doctrine of collateral estoppel works both ways, and affords Taylor no comfort as regards Judge Pratt's third question. The prosecuting attorney cannot avail himself of this fact, however, because to do so would be to violate Taylor's protection against double jeopardy.

Accordingly, the convictions of all defendants save Taylor are affirmed. Taylor's convictions as to both counts are reversed without a new trial.