PEOPLE v GUENTHER

Docket No. 111903. Submitted December 19, 1990, at Lansing. Decided April 1, 1991, at 9:20 A.M. Leave to appeal sought.

Nelson C. Guenther, Jr., was convicted following a jury trial in the Washtenaw Circuit Court, Edward D. Deake, J., of two counts of first-degree criminal sexual conduct and was sentenced to concurrent terms of eighteen to fifty years' imprisonment. He appealed, alleging that he was deprived of due process when the trial court refused to grant a mistrial following the introduction of previously suppressed similar-acts evidence, that he was deprived of a fair trial by the prosecutor's remarks in closing argument, and that the trial court abused its discretion in sentencing him.

The Court of Appeals *held:*

1. The prosecutor's remark during rebuttal that the victim's testimony was "unrebuttable" was not an improper reference to the defendant's failure to testify and was a proper comment on the weight to be given the victim's testimony or the veracity of the victim. This remark and others complained of were not manifestly intended to be or were of such a character that the jury necessarily took them to be a comment on the failure of the defendant to testify and, therefore, under state and federal law, were not improper references to the defendant's failure to testify.

2. Other comments by the prosecutor did not shift the burden of proof to the defendant or amount to a comment on the defendant's failure to take the stand.

3. Various other remarks by the prosecutor during rebuttal, standing alone, although improper, did not constitute error requiring reversal because, for the most part, they were responsive and any prejudicial effect could have been cured by a curative instruction had the defendant objected. Nor did they

REFERENCES

Am Jur 2d, Trial §§ 193, 237, 240, 241.

Comment or argument by court or counsel that prosecution evidence is uncontradicted as amounting to improper reference to accused's failure to testify. 14 ALR3d 723.

cause a miscarriage of justice or deprive the defendant of a fair trial.

4. The testimony which referred to prohibited similar-acts evidence was fleeting, indirect, and, therefore, not so egregious that it constituted grounds for a mistrial. The court did not abuse its discretion in denying the defendant's motion for a mistrial.

5. In sentencing the defendant, the trial court exceeded the sentencing guidelines range of six to ten years, requiring remand for resentencing under the proportionality standard announced in *People v Milbourn,* 435 Mich 630 (1990).

Affirmed and remanded for resentencing.

1. CRIMINAL LAW — EVIDENCE — PROSECUTING ATTORNEYS.

A prosecutor's remark that the evidence is undisputed is proper in urging the weight to be given the testimony and generally does not amount to an improper comment on the defendant's failure to testify even though the defendant was the only person who could have provided contradictory testimony.

2. CRIMINAL LAW — APPEAL — PROSECUTING ATTORNEYS — MISCONDUCT BY PROSECUTOR.

The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* First Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Herb Jordan*), for the defendant on appeal.

Before: SULLIVAN, P.J., and DOCTOROFF and MURPHY, JJ.

SULLIVAN, P.J. Defendant appeals as of right his convictions by a jury of two counts of first-degree criminal sexual conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a). On appeal, defendant raises three issues, arguing (1) that he was deprived of due process of law because the trial court refused to grant a mistrial following the introduction of pre-

viously suppressed similar-acts evidence, (2) that he was deprived of a fair trial by the assistant prosecuting attorney's remarks in closing argument, and (3) that the trial court abused its discretion in sentencing him to concurrent prison terms of from eighteen to fifty years. Although we affirm defendant's convictions, we remand this case to the trial court for resentencing of defendant in light of the proportionality standard announced in *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990).

Defendant's convictions stem from his criminal sexual conduct involving a five-year-old neighbor girl. Both the victim and the victim's sister who witnessed one of the offenses testified regarding defendant's conduct.

I

We first address defendant's claim that the prosecutor's closing argument deprived him of a fair trial.

A

Defendant challenges two comments by the prosecutor on the ground that they constituted improper comments regarding his failure to testify. The first comment is the following emphasized part of the prosecutor's closing argument: "Digital penetration first, would that make it [the vagina] enlarge, the opening? Well, yes, that could. Lubrication obviously could also have something to do with it, but we don't know from the little girls *or any adults* what lubrication, if any, was used by Mr. Guenther [defendant] here." Apart from the victim, only defendant could have testified with regard to whether lubrication was used. Defendant did not object to the remark.

The second remark is the following emphasized

part of the prosecutor's rebuttal: "You have heard over and over about *unrebutted testimony.* The testimony of that little girl . . . that this man over here and nobody else, a man that she pointed at put his fingers and his front butt inside her body is *absolutely unrebuttable.*" Although defendant objected to this remark, the trial court ruled that the remark was proper.

A prosecutor is not permitted to comment on a defendant's failure to take the stand. *Griffin v California,* 380 US 609, 615; 85 S Ct 1229; 14 L Ed 2d 106 (1965); *People v Nabers,* 103 Mich App 354, 369; 303 NW2d 205 (1981), rev'd in part on other grounds 411 Mich 1046 (1981); MCL 600.2159; MSA 27A.2159. Such a rule is an important corollary to the Fifth Amendment privilege against self-incrimination. *Raper v Mintzes,* 706 F2d 161, 164 (CA 6, 1983); US Const, Am V; Const 1963, art 1, § 17.

Courts in this state generally have held that a prosecutor's remark that the evidence was uncontradicted or undisputed does not amount to improper comment on a defendant's failure to testify even though the defendant was the only person who could have provided contradictory testimony. See, e.g., *People v Parker,* 307 Mich 372, 376; 11 NW2d 924 (1943), *People v Lasenby,* 107 Mich App 462, 469; 309 NW2d 572 (1981) (and cases cited therein), and *People v Jacoboni,* 34 Mich App 84, 86; 190 NW2d 720 (1971). But see *People v Centers,* 141 Mich App 364, 377-378; 367 NW2d 397 (1985), rev'd and remanded on other grounds 422 Mich 951 (1985). A prosecutor's remark that evidence is undisputed is proper in urging the weight to be given the testimony. *People v Earl,* 299 Mich 579, 582-583; 300 NW 890 (1941). Also see *People v Mancill,* 393 Mich 132; 223 NW2d 289 (1974).

In this case, under state law, the prosecutor's remark during rebuttal that the victim's testimony

was "unrebuttable"[1] was not an improper reference to defendant's failure to testify. During his closing argument, defense counsel referred four times to a defense witness' testimony as "unrebutted." The testimony dealt with why the victim and her sister stopped coming over to defendant's house and defendant's employment. The prosecutor's remark in rebuttal that "[y]ou have heard over and over about unrebutted testimony" referred to defense counsel's remarks about the "unrebutted" testimony of the defense's witness.

The prosecutor's subsequent statement that the victim's testimony was "unrebuttable" was a proper comment on the weight to be given the victim's testimony or the veracity of the victim. Although under Michigan law the prosecutor's comment, in isolation, was not improper, we suggest that prosecutors should not use such expressions when only the defendant could have disputed or rebutted the undisputed or unrebutted evidence. Many jurisdictions view these types of comments as improper references to a defendant's failure to testify. See anno: *Comment or argument by court or counsel that prosecution evidence is uncontradicted as amounting to improper reference to accused's failure to testify,* 14 ALR3d 723.

We next address the prosecutor's remark that no adult testified with regard to whether defendant used lubrication during the offense. Granted, defendant was the only adult who could have provided that testimony. However, we would be hard-pressed to conclude that that remark, in the context in which it was made, was intended to, or

---

[1] We question whether the prosecutor misspoke by calling the victim's testimony "unrebuttable" because the testimony could have been rebutted had defendant chosen to testify. In any event, defendant urges on appeal that the word "rebuttable" "approximates the adjectives 'unrebutted,' 'uncontradicted,' and their ilk; it is similarly incriminating."

in fact did, draw the jury's attention to the fact that defendant did not testify. Nor did the remark pertain to any elements of the charged offenses.

Defendant relies on federal law to a great extent in arguing that the remarks addressed above amounted to an improper reference to his failure to testify. The Sixth Circuit Court of Appeals, however, refused to adopt a rule that comments regarding uncontradicted evidence per se amount to an indirect comment on a defendant's failure to testify even though only the defendant could have contradicted the evidence in question. *Raper, supra,* pp 164-165. Instead, the court applies a balancing approach, considering primarily the nature of the comments along with their number. *Id.,* pp 164-167; *Lent v Wells,* 861 F2d 972, 975 (CA 6, 1988), cert den 489 US 1100 (1989); *Hearn v Mintzes,* 708 F2d 1072, 1077 (CA 6, 1983). In weighing the nature of the comments, the court looks at the comments in the context in which they were made and determines "[w]hether the language used was manifestly intended to be or was of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *Butler v Rose,* 686 F2d 1163, 1170 (CA 6, 1982); *Raper, supra,* p 165.

In reviewing the comments in this case in the context in which they were made, as we did above, we conclude that they were not manifestly intended to be or were of such a character that the jury necessarily took them to be a comment on the failure of defendant to testify. The remark that the victim's testimony was unrebutted could have been construed to be in response to defense counsel's argument that one of the defense witness' testimony was unrebutted. Even if the nature of that remark was intended to be or was of such a

character that the jury necessarily took it to be a comment on the failure of defendant to testify, the remark was isolated. See *Lundy v Campbell,* 888 F2d 467, 478 (CA 6, 1989), cert den — US —; 109 L Ed 2d 538 (1990). Cf. *Raper, supra,* p 167; *Hearn, supra,* p 1078; *Lent, supra,* p 977. Therefore, federal law does not compel us to rule that the prosecutor's remarks amounted to an improper reference to defendant's failure to testify.

**B**

Defendant challenges two other comments, apparently on the ground that they improperly shifted the burden of proof. Defendant did not object at trial to either comment. The prosecutor argued in closing, "I would like to suggest if you weren't convinced by the prosecution's case that this gentleman over here [defendant] did just exactly what we've alleged that he's done, *the defense should have removed any doubt* because we do have that opportunity." The prosecutor's prior and subsequent remarks suggested that defendant had an opportunity to commit the offenses, contrary to the defense presented.

Although a prosecutor may not suggest in closing argument that a defendant must prove something, because such an argument tends to shift the burden of proof, *People v Foster,* 175 Mich App 311, 317; 437 NW2d 395 (1989); *People v Green,* 131 Mich App 232, 237; 345 NW2d 676 (1983), the prosecutor here did not make a comment which shifted the burden of proof. Read in context, the prosecutor's remark that "the defense should have removed any doubt" was a disparagement of the defense presented—no opportunity—based on the evidence. In other words, the prosecutor was arguing that the defense presented in fact strength-

ened the prosecution's case. Nothing precludes a prosecutor from using the evidence presented to discredit a defense.

The other comment is buried in the following excerpt from the prosecutor's rebuttal:

> By that I mean, we've got a Judge, Prosecutor, to review a case, Defense Attorney, twelve jurors all for fairness to Mr. Guenther [defendant]. It's his trial. He's the guest of honor for this drama. He was director of it, in fact, last summer, *he's the one who decided whether there would be witnesses or not.* We didn't choose the settings; we didn't choose the time; we didn't choose the witnesses, the victims; but now we've got all this to protect him.

The remark that defendant decided whether "there would be witnesses or not" merely suggested to the jury that defendant's conduct brought about the trial. We do not believe that the comment shifted the burden of proof or amounted to a comment on defendant's failure to take the stand.

C

Defendant lastly argues that some general remarks made by the prosecutor during rebuttal deprived him of a fair trial. Although we do not believe that the remarks deprived defendant of a fair trial, we are concerned with some of the prosecutor's comments and take this opportunity to instruct him not to engage in similar conduct in the future.

The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial. *People v Bairefoot,* 117 Mich App 225, 228; 323 NW2d 302 (1982). Even though some of the

prosecutor's remarks in this case, standing alone, are improper, they do not constitute error requiring reversal because, for the most part, they were responsive and because any prejudicial remark could have been cured by a curative instruction had defendant objected. *People v Duncan,* 402 Mich 1, 16-17; 260 NW2d 58 (1977); *People v Simon,* 174 Mich App 649, 655; 436 NW2d 695 (1989).

After briefly outlining to the jury his career, which included several years as a defense attorney, the prosecutor explained:

> Well, I got to the point where I chose to do what I do now. I didn't know it was a wonderful job. I guess by the same token it should be wonderful to be a juror in this case. If it is all a game, if this is just reduced to tricks, if this isn't a separate distinct case, if those little girls are just like a factory where each part is supposed to be the same as every other part, every transmission should be interchangeable, *I guess this is just kind of a fun job. That's why I'm on vacation this week and chose to be in . . .*

At that point defense counsel objected:

> *Mr. Goldstein* [*defense counsel*]: Your Honor, I object to that. It's improper.
> *Mr. Mackie* [*the prosecutor*]: *Oh, be quiet.*
> *The Court:* Just a moment.
> *Mr. Goldstein:* Your Honor, I want the record to reflect Mr. Mackie's statement to me right now is absolutely and totally improper, and absolutely below the dignity of the law.
> *The Court:* We all like to be on vacation.
> *Mr. Mackie: You're going to talk about ethics? Please.*

On appeal, defendant argues that from the pros-

ecutor's remark ·that he was supposed to be on vacation the jury was likely to draw the unfavorable inference that the prosecutor would rather prosecute defendant than be on vacation. We note that the prosecutor's remarks about his career and job could well have been in response to defense counsel's remarks in closing argument with regard to defense counsel's career and praises for the prosecutor's ability, especially with regard to using "tricks" and "techniques." Moreover, the prosecutor's remark with regard to being on vacation, although improper because it was not based on the evidence or inferences to be drawn therefrom, was not prejudicial. However, we do agree with defendant that it was entirely improper for the prosecutor to tell defense counsel to "be quiet" when defense counsel objected and to state: "You're going to talk about ethics? Please."

But, neither the prosecutor's comment with regard to being on vacation nor the subsequent distasteful colloquy deprived defendant of a fair trial. The trial court instructed the jury that the attorneys' arguments are not evidence. Moreover, although the prosecutor's response to defense counsel's objection was disparaging, it did not rise to the level that it deprived defendant of a fair trial. Finally, the evidence in this case was strong. We decline to reverse a conviction where isolated improper remarks did not cause a miscarriage of justice. MCL 769.26; MSA 28.1096.

One more comment is in order at this point. After defense counsel objected to the prosecutor's remark that the victim's testimony was unrebutted, the jury left the courtroom. Outside the presence of the jury, the prosecutor referred to defense counsel's "histrionics to the jury." When defense counsel objected to the use of the word "histrionics," the prosecutor told defense counsel to "sit

down and shut up." Because this comment was made outside the presence of the jury, it obviously did not result in defendant's receiving an unfair trial. However, we stress to the prosecutor that such comments to defense counsel not only fall outside the bounds of professionalism, but in some instances jeopardize a defendant's right to a fair trial. Professional integrity, even amongst adversaries, should be a priority in the legal profession. It can never be proper to demean and insult opposing counsel, even outside the presence of the jury.

The last remarks by the prosecutor which we address came in rebuttal. During defense counsel's closing argument, he made the following remarks:

> [I]t must be wonderful to be an Assistant Prosecutor because every case you try no matter what witness you put on your witnesses always tell the truth. Now that's easy for him to argue in this case, because he's got three cute little girls; he's got the girls' mother; he's got a doctor. I can assure you he wouldn't make the same argument if he had three of the worst villans [sic] on earth who for a particular reason were testifying for the prosecution in this particular case. He'd say the same thing. Prosecution witnesses are angels, they never lie.
>
> Defense witnesses on the other hand are scum bags, they never tell the truth. Now he doesn't really come right out and say that, nor does he explain why that's true, but he did do it to you very subtly, that's again why I like to watch a guy like Brian Mackie [the prosecutor] work because when he did it he was very subtle about it.
>
> * * *
>
> On the other hand, with some other people they've had months to make up lies, meaning of course my witness. So he [the prosecutor] didn't come right out and say I've got the angels, and

he's [defense counsel] got the scum bags, but in his own subtle way that's what Mr. Mackie was telling you.

Apparently in response to defense counsel's argument, the prosecutor on rebuttal argued:

*Some people will tell you that a lawyer telling you his personal belief on whether a witness is telling the truth is improper, but we'll get on with the case here.*
We've even mistated [sic] the law by the defense. That is up until recently the prosecutor was in a different posture than the defense. That is, we had to call eye-witnesses and ear-witnesses to a case, friends of the Defendant often, people who would take the Defendant's side, certainly not arguing that they are all truthful, that's just not the case. We don't get to choose our witnesses. *The scum of the earth,* we get to call those people too, *that's why you won't hear me referring to the Defendant however I may personally feel as scum.* He may be a victim some day. He's as likely as any of us to be a victim.
Anyone who's done a murder or any other heinous crime can be a victim; and when they are victims, they have a right to a prosecution just like anybody else does. I don't throw those terms around.
*One term I've learned form [sic] the Court of Appeals not to throw around is scum bag. I think people forget the derivation. A scum bag where I come from used to mean a used condom that you found out somewhere, kind of lost that forcefulness.*[2]

The need to set forth the pertinent arguments in full comes from the responsive nature of some of the prosecutor's remarks. Defense counsel argued, in a nutshell, that the prosecutor believes that the

---

[2] Obviously he did not learn it well.

prosecution's witnesses are angels and defense witnesses are scum bags. The prosecutor responded, in essence, that he too must call "the scum of the earth" as witnesses. Although the comment was crude and unnecessary, it was made in response to defense counsel's closing argument.

However, the prosecutor, stumbling on against the stone, went beyond merely responding to defense counsel's argument by adding gratuitous and potentially prejudicial remarks. We disapprove of this tactic—using a remark in responding to defense counsel's argument to indirectly refer to defendant as "scum." To make matters worse, the prosecutor bolstered that indirect reference by prefacing the remark with: "Some people will tell you that a lawyer telling you his personal belief on whether a witness is telling the truth is improper . . . ." And, we would like to know the prosecutor's reason for gratuitously explaining the derivation of the phrase "scum bag." The prosecutor would do well to remember that it is better to use a rapier than an axe.

We should all remember what Spinoza once said: "[M]en govern nothing with more difficulty than their tongues." Although the prosecutor's conduct was improper, we decline to reverse defendant's convictions for the following reasons: had defendant objected to the remarks, any prejudice could have been cured by a curative instruction, *Duncan, supra,* p 17, the indirect nature of the remarks, and the strength of the evidence. The prosecutor's closing argument and rebuttal were lengthy. All in all, the few improper comments did not deprive defendant of a fair trial.

Again, though, we caution this prosecutor not to do indirectly what he is precluded from doing directly—referring to his personal belief that a

defendant is scum. His office is a public trust, and he must act accordingly.

II

We briefly address defendant's remaining arguments. Before trial, the court ruled that evidence of alleged similar acts involving the victim's sister was inadmissible. During direct examination, the victim's mother answered the prosecutor's question whether she went to the police station more than once: "Yeah, we had to go back again after we realized that, that I thought the same something had happened to [the victim's sister]." Defendant moved for a mistrial on the basis that prohibited similar-acts evidence was included in the mother's answer. The trial court denied defendant's motion, ruling that the answer was so vague that it did not constitute error requiring a mistrial, and then struck the answer and told the jury to disregard it.

The objectionable answer was fleeting and indirect and, therefore, not so egregious as to constitute grounds for a mistrial. Moreover, the court told the jury to disregard it. Under the circumstances, the court did not abuse its discretion by denying defendant's motion for a mistrial. *People v Lumsden,* 168 Mich App 286, 298-299; 423 NW2d 645 (1988).

III

Defendant lastly argues that the trial court abused its discretion in imposing sentence. In sentencing defendant to a prison term of from eighteen to fifty years, the trial court exceeded the sentencing guidelines range of six to ten years. We remand this case for resentencing under the pro-

portionality standard announced in *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990).

Defendant's convictions are affirmed, but the matter is remanded for resentencing consistent with this opinion. We do not retain jurisdiction.