*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TORYE SHEVAR GILBERT,

Defendant-Appellant.

UNPUBLISHED
March 17, 2020

No. 344643
Saginaw Circuit Court
LC No. 17-044170-FC

Before: RONAYNE KRAUSE, P.J., and K. F. KELLY and TUKEL, JJ.

RONAYNE KRAUSE, P.J. (*concurring.*)

I agree entirely with the majority's resolution of the mistrial issue. I concur in the result of the majority's resolution of the vouching and ineffective assistance of counsel issues. I agree, for the most part, with the majority's recitation of the facts and the law, so I will not repeat them. However, I respectfully disagree with the majority to the extent it concludes that the prosecutor's remarks during closing argument were merely inartful. I conclude that some of the prosecutor's commentary crossed the line from inartful to improper. Nevertheless, I agree that the evidence was sufficiently overwhelming that reversal is not warranted.

A core tenet of modern jurisprudence is the avoidance of elevating superficial nomenclature over substance wherever reasonable. See *In re Traub Estate*, 354 Mich 263, 278-279; 92 NW2d 480 (1958). Thus, as the majority observes, a reviewing court should not read too much into the bare fact of whether a prosecutor uses the phrase "I believe" instead of "the evidence shows." See *People v Cowell*, 44 Mich App 623, 628; 205 NW2d 600 (1973). Presumably, most juries would, in any event, tend to expect a prosecutor to believe in a defendant's guilt. *Id*. On several occasions, the prosecutor stated some variation on "we believe that we've met the burden" of a count, or "we believe that" a count "has been proven." I agree with the majority that those statements are at worst inartful, especially because they were made in the context of discussing the extensive evidence establishing that those counts had, in fact, been proven.

However, language and phraseology are not irrelevant, and some of the prosecutor's other remarks are more troubling. At one point, the prosecutor stated that "[t]here is no doubt in my mind that the People have met their burden beyond a reasonable doubt." During rebuttal, the

prosecutor further stated that "[t]he People believe wholeheartedly that this is not a great bodily harm case" and reiterated that "[t]here is no doubt in my mind that we have met our burden." I recognize that these statements were not in the nature of unsworn testimony as to facts or to the veracity of any particular witness. See *People v Erb*, 48 Mich App 622, 631-632; 211 NW2d 51 (1973); *People v Davis*, 57 Mich App 505, 511-513; 226 NW2d 540 (1975). Nevertheless, these statements are dramatic departures from merely substituting "I believe" for "the evidence shows." They come perilously close to impermissibly "attempt[ing] to place the prestige of [the prosecutor's] office behind the assertion that the defendant is guilty." *People v Jansson*, 116 Mich App 674, 693-694; 323 NW2d 508 (1982). The prosecutor may not "do indirectly what [he or she] is precluded from doing directly." *People v Guenther*, 188 Mich App 174, 186-187; 469 NW2d 59 (1991).

Finally, the prosecutor concluded initial closing argument with the following:

I say to you today, that there is no doubt in my mind that we have met our burden. We have proven beyond a reasonable doubt that the defendant did commit each and every count that he's been charged with, one through ten. And we ask you, the People ask you, to do what's right, and to find the defendant guilty as charged. Thank you.

In addition to the concerns already discussed, the above remark strongly resembles a civic duty argument. See *People v Bass (On Rehearing)*, 223 Mich App 241, 251-252; 581 NW2d 1 (1997), precedential effect stayed in part on other grounds 456 Mich 851 (1997) and reinstated 457 Mich 866 (1998). In *Bass*, the prosecutor urged the jury to "do the right thing" and to "do justice," which this Court found, in context, did not deprive the defendant of a fair trial. However, this Court did not hold that the prosecutor's remarks had been proper. I believe that urging the jury to convict because that would be "do[ing] what's right" improperly injects an issue "broader than a defendant's guilt or innocence of the charges." See *People v Crawford*, 187 Mich App 344, 354; 467 NW2d 818 (1991).

I agree with the majority that the evidence in this case was overwhelming, and I do not find the prosecutor's oversteps so egregious that, under the circumstances of this case, they warrant reversal. I therefore fully concur in the result reached by the majority. However, I respectfully cannot accept that no error occurred at all.

/s/ Amy Ronayne Krause

-2-