*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

WEI DONG,

        Defendant-Appellant.

UNPUBLISHED
November 19, 2020

No. 348412
Clinton Circuit Court
LC No. 2018-010076-FH

Before: JANSEN, P.J., and FORT HOOD and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant was convicted by a jury of two counts of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(b) (sexual penetration accomplished by force or coercion). The trial court sentenced defendant to serve a term of 5 to 15 years in prison. Defendant appeals as of right. We affirm.

## I. BACKGROUND

This case arises out of an incident in 2017 when defendant and the victim were both international students at Michigan State University. Defendant and the victim attended the same birthday party where they both became intoxicated. The victim went downstairs, fell asleep, and woke up to her friends asking her if she wanted to go with them to get food. The victim declined and went back to sleep. The victim claimed that after her friends left the house, defendant came downstairs and penetrated her vagina against her will—digitally and with his penis.

At the hearing on the prosecution's motion to revoke defendant's bond, defense counsel requested an interpreter for future proceedings. Defense counsel explained that although defendant spoke English, defendant sometimes had difficulty understanding legal terminology. The trial court granted defense counsel's request.

Defendant used an interpreter at every future pretrial proceeding. However, at the beginning of the first day of trial, the trial court stated that when it met with counsel in chambers, defense counsel requested that the trial court not provide defendant with an interpreter for trial. After asking defendant a series of three questions, the trial court concluded that defendant had

knowingly and voluntarily waived his right to an interpreter. However, the trial court did not discharge the interpreter. Rather, it stated that the interpreter would be available in case defendant or a witness wanted to utilize the interpreter. Defendant never requested the services of the interpreter. However, the interpreter provided translation during the testimony of two witnesses upon their request.

Ultimately, the jury found defendant guilty of CSC-III. Defendant moved for a new trial in the trial court, arguing that the absence of simultaneous translation during trial violated his due process rights, and that the failure to appoint an interpreter for the victim during her testimony violated defendant's right to confrontation and cross-examination. Further, he argued that the prosecution impermissibly commented on his failure to testify at trial. Defendant also argued that defense counsel provided ineffective assistance by allowing him to proceed to trial without an interpreter, by failing to request an interpreter for the victim, and by failing to object to the prosecutor's statements regarding defendant's decision not to testify at trial. The trial court denied defendant's motion for a new trial. This appeal followed.

## II. SIMULTANEOUS TRANSLATION

Defendant first argues that the trial court abused its discretion by allowing him to proceed to trial without simultaneous translation and by failing to appoint an interpreter during the victim's testimony. We disagree.

We review a trial court's decision regarding whether to appoint an interpreter for a defendant or a witness for an abuse of discretion. *People v Warren (After Remand)*, 200 Mich App 586, 591; 504 NW2d 907 (1993). We review a trial court's factual findings for clear error. *People v Williams*, 483 Mich 226, 231; 769 NW2d 605 (2009). We review de novo questions of constitutional law. *People v Olney*, 327 Mich App 319, 325; 933 NW2d 744 (2019).

The lack of simultaneous translation implicates a defendant's constitutional right to due process of law. *People v Gonzalez-Raymundo*, 308 Mich App 175, 188; 862 NW2d 657 (2014), citing US Const Am V; US Const Am XIV; Const 1963, art 1, § 17. Further a defendant has the right to be present at trial. *People v Kammeraad*, 307 Mich App 98, 116-117; 858 NW2d 490 (2014); MCL 768.3 ("No person indicted for a felony shall be tried unless personally present during the trial[.]") A lack of understanding of the proceedings renders a defendant effectively absent. *Gonzalez-Raymundo*, 308 Mich App at 188. However, a defendant may waive the right to be present at trial. *Kammeraad*, 307 Mich App at 117. "[W]aiver is the intentional relinquishment or abandonment of a known right." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999) (quotation marks and citation omitted). Moreover, the right to simultaneous translation is "subject to every reasonable presumption against its loss." *Gonzalez-Raymundo*, 308 Mich App at 188.

The right to an interpreter is codified in MCL 775.19a, which provides, in relevant part:

> If an accused person is about to be examined or tried and it appears to the judge that the person is incapable of adequately understanding the charge or presenting a defense to the charge because of a lack of ability to understand or speak

the English language . . . the judge shall appoint a qualified person to act as an interpreter.

Further, MCR 1.111 governs the use of foreign-language interpreters. MCR 1.111(B)(1) provides:

> If a person requests a foreign language interpreter and the court determines such services are necessary for the person to meaningfully participate in the case or court proceeding, or on the court's own determination that foreign language interpreter services are necessary for a person to meaningfully participate in the case or court proceeding, the court shall appoint a foreign language interpreter for that person if the person is a witness testifying in a civil or criminal case or court proceeding or is a party.

However, MCR 1.111(C)(1) provides, in relevant part:

> A person may waive the right to a foreign language interpreter established under subrule (B)(1) unless the court determines that the interpreter is required for the protection of the person's rights and the integrity of the case or court proceeding. The court must find on the record that a person's waiver of an interpreter is knowing and voluntary.

In this case, the following exchange occurred between defense counsel, the trial court, and defendant:

> [Defense counsel]. I've had an opportunity to speak with my client, and . . . we've talked about the positives and negatives of having . . . an interpreter, and I obviously met with him on many occasions, and I think although this is a legal matter and it's even difficult for somebody who's born in America and speaks English to fully comprehend what transpires, I think that [defendant] will be able to follow it sufficiently enough that it would outweigh maybe the distraction . . . an interpreter would have in the administration of the trial. And so we've talked about that, and he agrees with me and agrees to waive his right to have an interpreter, is that correct?—
>
> *Defendant.* Yes.
>
> [Defense counsel] —Mr. Dong?
>
> *Defendant.* Yes.
>
> *The Court.* Okay. You understand . . . that the reason we have had an interpreter in this matter is because it has come at your request previously, correct?
>
> *Defendant.* Yes.
>
> *The Court.* And you understand that sometimes we use words in a legal proceeding that even an individual whose first language is English that they may not understand, do you understand that?

*Defendant*.  Yes.

*The Court*.  And you would prefer to not have an interpreter and to rely upon your attorney to explain in English  . . . any testimony or any information that you don't understand during—that's presented during the course of trial?

*Defendant*.  Yes.

Following a careful review of this exchange, we conclude that the trial court did not clearly err by finding that defendant knowingly and voluntarily waived his right to an interpreter during trial.  Therefore, the trial court did not abuse its discretion by allowing defendant to proceed to trial without simultaneous translation and we conclude that there was no due process violation.

The trial court also did not abuse its discretion by failing to appoint an interpreter for the victim.  The lack of simultaneous translation can impair a defendant's right to confront witnesses and participate in his own defense.  *Gonzalez-Raymundo*, 308 Mich App at 188.  "[A] trial court should appoint an interpreter when it appears from the record that a witness is not understandable, comprehensible, or intelligible, and the absence of an interpreter would deprive the defendant of some basic right."  *Id*. at 189.  Although the record indicates that the victim had difficulty understanding colloquial English terms, the record did not demonstrate that she was "not understandable, comprehensible, or intelligible . . . ."  *Id*.  Indeed, the victim was clearly able to talk about the events leading up to the incident.  More importantly, she was able to explain how defendant sexually assaulted her.  Accordingly, we find no error.

### III.  PROSECUTORIAL MISCONDUCT

Next, defendant argues that the prosecutor improperly commented on his silence during her rebuttal closing argument.  We disagree.

Generally, we review claims of prosecutorial misconduct de novo.  *People v Abraham*, 256 Mich App 265, 272; 662 NW2d 836 (2003).  However, defendant failed to preserve this issue because he did not contemporaneously object and request a curative instruction.  See *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010).  Therefore, we review defendant's argument for plain error affecting his substantial rights.  *People v McLaughlin*, 258 Mich App 635, 645; 672 NW2d 860 (2003).

"Issues of prosecutorial misconduct are decided case by case, and this Court must examine the entire record and evaluate a prosecutor's remarks in context."  *People v Dobek*, 274 Mich App 58, 64; 732 NW2d 546 (2007).  "A prosecutor's comments are to be evaluated in light of defense arguments and the relationship the comments bear to the evidence admitted at trial."  *Id*.  "[A] prosecutor may not argue facts not in evidence or mischaracterize the evidence presented  . . . ."  *People v Watson*, 245 Mich App 572, 588; 629 NW2d 411 (2001).  However, a prosecutor is given great latitude to argue the evidence and reasonable inferences.  *Dobek*, 274 Mich App at 66.  Nonetheless, "a prosecutor may not comment on a defendant's failure to testify" because it "ask[s] the jury to draw the inference that the defendant is guilty or hiding something merely because he has not taken the stand."  *People v Mann*, 288 Mich App 114, 120; 792 NW2d 53 (2010).  However, it is not improper for the prosecution to state generally that the evidence was uncontroverted, even when only the defendant could have contradicted the evidence.  See *People*

*v Fields*, 450 Mich 94, 115; 538 NW2d 356 (1995); *People v Guenther*, 188 Mich App 174, 177-178; 469 NW2d 59 (1991).

In this case, the trial court did not err in concluding that the prosecution did not improperly comment on defendant's silence during rebuttal closing argument. Although the prosecutor asserted that various portions of the victim's testimony were "uncontroverted," the record does not support defendant's argument that the prosecutor focused the jury's attention on defendant's failure to testify. Rather, the record shows that the prosecutor focused the jury's attention on the elements of the crime. Specifically, the prosecutor argued:

What did [the victim] say? What is uncontroverted? . . . .

\* \* \*

He didn't care. It's not me saying he didn't care, look at his actions—if he cared that she said no, he never would have got [sic] on top of her. If he cared he had a girlfriend, he never would have kept going. He kissed all over her body, he used . . . his mouth on her, and when he pulled her pants down, she was pulling them back up, that is uncontroverted. It's uncontroverted that . . . after using his mouth on her after kissing up and down that he put his finger inside of her vagina, it's uncontroverted. [The victim] said it, she said it then, she said it to the police, she said it over and over again, and she said it to you. It is uncontroverted, there is no evidence presented that contradicts that she said he put his penis inside of her, and that's what you look at, ladies and gentlemen. It is uncontroverted she tried to get him off, it is uncontroverted that she said no. . . . It's uncontroverted . . . she said no, she said you have a girlfriend, he used his force, he held her down, and he took what wasn't his. He penetrated her with his finger, and he penetrated her with his penis.

[Defense counsel's] argument is not evidence, neither is what I say—I admit that too. . . . [G]o back and think about what you heard, think about what is evidence and what is uncontroverted evidence. . . .

You had the testimony of the victim, that's what I get to present to you. And Officer Warner, yeah, he got to testify to what her demeanor was, and that was it. Anything she would have told him is hearsay. She told you why she didn't keep her clothes. These are all things she explained. But ladies and gentlemen, look back at the evidence, it's uncontroverted. Again, he came on to her couch, he wanted to warm her up, she said no, he did it anyway. She reminded him of a girlfriend, he kept going. He kissed all over her body, he penetrated her vagina with his finger, and he penetrated her vagina with his penis—it's uncontroverted evidence.

\* \* \*

You know, ladies and gentlemen, I want you to actually evaluate the evidence, evaluate the testimony that was presented. And we can—as attorneys—give succinct versions of well, this report said this, and this report said that—but I want you to go back and recall what those questions were asked [sic] and if any of

that was every [sic] actually elicited. Look back at your notes, look back at your memory, and I'm going to ask again that you think about what is there, the uncontroverted facts. And I'm going to ask that you go back, and when you deliberate, you come back with a verdict of guilty on both counts. Thank you.

Moreover, the trial court instructed the jury that every defendant has the right not to testify and that defendant's failure to testify must not affect its verdict in any way. The trial court also instructed the jury that the lawyers' statements and arguments were not evidence and that the jury should only accept things the lawyers said that were supported by the evidence. "Jurors are presumed to follow their instructions, and it is presumed that instructions cure most errors." *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011). Defendant fails to overcome this presumption.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, defendant argues that his counsel provided ineffective assistance by allowing him to proceed to trial without an interpreter, by failing to request an interpreter for the victim's testimony, and by failing to object during the prosecutor's rebuttal closing argument. We disagree.

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012). To prevail on a claim of ineffective assistance of counsel, a defendant must establish that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). "A particular strategy does not constitute ineffective assistance of counsel simply because it does not work." *People v Matuszak*, 263 Mich App 42, 61; 687 NW2d 342 (2004). Further, counsel does not provide ineffective assistance for failing to object if the objection would have been futile. *People v Thomas*, 260 Mich App 450, 457; 678 NW2d 631 (2004).

First, defense counsel's comments indicate that he believed that defendant would be able to sufficiently follow the trial without an interpreter and that given this ability, proceeding without an interpreter would outweigh the distraction an interpreter would have in the administration of the trial. There is nothing to indicate that the trial court erred in concluding that counsel's decision to advise that defendant proceed accordingly was anything but sound trial strategy.

Second, we conclude that not requesting an interpreter for the victim's testimony was sound trial strategy. As defendant notes, the victim testified that she thought in Mandarin, so before answering a question, she had to translate the words into Mandarin, think of her answer in Mandarin, and then translate her answers into English. However, we note that the victim was able to give cohesive and comprehensible testimony to establish that defendant sexually assaulted her. To the extent that defendant argues that much of the victim's testimony was "largely nonsensical" and that the victim was unable to understand common English phrases, the record does not establish that she was unable to understand and communicate her thoughts regarding the assault and regardless, defense counsel may have thought that given limitations in her communication, it was sound trial strategy to not have an interpreter during the victim's testimony since an interpreter may have hampered an opportunity to impeach.

Finally, as previously concluded, the prosecutor did not improperly focus the jury's attention on defendant's failure to testify during her rebuttal closing argument. Therefore, defense counsel did not provide ineffective assistance by failing to object, as this would have been a futile objection. See *Thomas*, 260 Mich App at 457.

Overall, defendant has failed to overcome the presumption that defense counsel provided effective assistance. Defendant has failed to establish that his counsel's performance fell below an objective standard of reasonableness. Moreover, defendant has not established that, but for his counsel's performance, there is a reasonable probability that the outcome would have been different. The record demonstrates that the prosecution presented sufficient evidence for reasonable jurors to find beyond a reasonable doubt that defendant was guilty of the charged offense. Defendant has not presented any evidence that the testimony would have been different if he or the victim had used interpreters. We note that there was no testimony to contradict the victim's testimony and thus, no "reasonable probability that the outcome would have been different." *Trakhtenberg*, 493 Mich at 51. Accordingly, defendant's ineffective assistance of counsel claim is without merit.

Affirmed.

/s/ Kathleen Jansen
/s/ Karen M. Fort Hood
/s/ Amy Ronayne Krause