PEOPLE v HEATH

1. CRIMINAL LAW—PROSECUTOR'S COMMENT—EVIDENCE—FAILURE OF DEFENDANT TO TESTIFY.

An argument by a prosecutor that the evidence presented was uncontradicted is not prejudicial comment on a defendant's failure to testify, even where the defendant was the only one who could have contradicted the evidence.

2. CRIMINAL LAW—PROSECUTOR'S COMMENT—BURDEN OF PROOF— SHIFT OF BURDEN OF PROOF.

An argument by a prosecutor which infers that a defendant must prove something may tend to shift the burden of proof, resulting in error; similarly, where a prosecutor calls upon a defendant to present a reasonable explanation for damaging evidence, the argument may tend to shift the burden of persuasion.

3. CRIMINAL LAW—PROSECUTOR'S COMMENT—FAILURE OF DEFENDANT TO TESTIFY—DEFENDANT'S COUNSEL—APPEAL AND ERROR— HARMLESS ERROR.

No valid distinction can be drawn between calling upon a defendant for an explanation of damaging evidence and calling upon the defendant's counsel for an explanation, since the effect of the challenge is the same in each instance; therefore, it was error for a prosecutor to call upon defense counsel for an explanation of the evidence, however, it was harmless error where (1) the thrust of the prosecutor's argument, that there was no reasonable explanation for the evidence other than that the defendant was guilty, was proper, (2) the jury was correctly

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 241.
Comment or argument by court or counsel that prosecution evidence is uncontradicted as amounting to improper reference to accused's failure to testify. 14 ALR3d 718.
[2] 75 Am Jur 2d, Trial § 236.
[3] 75 Am Jur 2d, Trial § 261.
Propriety and effect of prosecuting attorney's argument to jury indicating his belief or knowledge as to guilt of accused. 50 ALR2d 766.
[4] 75 Am Jur 2d, Trial §§ 315–318.

instructed on the burden of proof, and (3) the evidence of guilt was overwhelming.

4. APPEAL AND ERROR—CRIMINAL LAW—PRESERVING QUESTION—PROSECUTOR'S COMMENT—INSTRUCTIONS TO JURY.

The failure of a defendant to object to a comment in a prosecutor's opening statement precludes appellate review of any claim of error in the comment where any prejudice resulting from the comment could have been cured by an instruction to the jury.

Appeal from Iron, Ernest W. Brown, J. Submitted November 8, 1977, at Grand Rapids. (Docket No. 31266.) Decided December 6, 1977.

Paul Heath was convicted of breaking and entering an unoccupied building with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Torger Omdahl,* Prosecuting Attorney (Prosecuting Attorneys Appellate Unit, *Thomas C. Nelson,* Assistant Attorney General, of counsel), for the people.

*Kim R. Fawcett,* Assistant State Appellate Defender, for defendant on appeal.

Before: R. B. BURNS, P. J., and D. E. HOLBROOK and R. B. MARTIN,* JJ.

R. B. BURNS, P. J. Defendant appeals his jury conviction of breaking and entering an unoccupied building with intent to commit larceny, contrary to MCLA 750.110; MSA 28.305.

Defendant contends that the prosecutor impermissibly commented upon his failure to testify and improperly shifted the burden of proof through the

* Circuit judge, sitting on the Court of Appeals by assignment.

following objected-to portion of his closing argument:

"After I get done with my closing argument Mr. Ryan is going to make his argument and then I'm going to have an opportunity for what is known as 'rebuttal', and I want you to listen very carefully to Mr. Ryan and what he has to say. I want you to listen to what he has to say about presumption of innocence and reasonable doubt and all that, because that's all well and good and that's part of our legal system. But I also want you to listen to Mr. Ryan for what you may or may not hear, and I want to know or I want you to listen and find out if Mr. Ryan explains what Mr. Heath was doing at four-thirty in the morning, running away from the drug store, with the rolls of pennies, the watches, the silver dollars and everything else in his pocket. I want you to listen to Mr. Ryan and see if he explains to you what Mr. Heath was doing, lying on his stomach in a vacant building behind the Infield Bar when the police officer was looking for him. Listen and see if Mr. Ryan explains about that to you. It should be very interesting.

"I want you to listen and see if Mr. Ryan will explain to you what the screwdriver that made the marks, the pry marks, on the plate was doing in Mr. Heath's back pocket. I want to know if Mr. Ryan is going to explain to you, for example, what the screwdriver was doing, how it ended up, in the back seat, down behind the seat of the police car.

I'd like to know if Mr. Ryan is going to explain all of this evidence to you, all of the evidence that points at only one man, Paul Heath. It's been brought up to you that it's possible and it's possible that that happened. There are all kinds of possibility in every aspect of life. But we're not here to talk about possibilities, we're here to talk about facts, and I'll say a little bit more about that later on.

"But the facts are, Ladies and Gentlemen, No. 1, uncontradicted, all of the testimony of the prosecution has come in, and none of it has been contradicted in any way, shape or form from the witness chair. The

defense has not put on a shred of evidence to contradict anything that we've said."

An argument by a prosecutor that the evidence was uncontradicted is not prejudicial comment on failure to testify, even where the defendant was the only one who could have contradicted the evidence. See, *e.g., People v Earl,* 299 Mich 579, 582–583; 300 NW 890, 892 (1941), *People v Jacoboni,* 34 Mich App 84, 86–87; 190 NW2d 720, 721–722 (1971).

An argument by a prosecutor which infers that a defendant must prove something may tend to shift the burden of proof, resulting in error. See *People v Lange,* 90 Mich 454, 458–459; 51 NW 534, 536 (1892), *People v Dersa,* 42 Mich App 522, 524–525; 202 NW2d 334, 335–336 (1972). Similarly, where a prosecutor calls upon a defendant to present a reasonable explanation for damaging evidence, the argument may tend to shift the burden of persuasion. *United States v Smith,* 500 F2d 293, 298 (CA 6, 1974). No valid distinction can be drawn between calling upon defendant and calling upon defendant's counsel for an explanation, since the effect of the challenge is the same in each instance. But *cf. Hollbrook v United States,* 441 F2d 371, 373 (CA 6 1971). The prosecutor erred by calling upon defense counsel for an explanation of the evidence.

The error was harmless. The thrust of the prosecutor's argument, that there was no reasonable explanation for the evidence other than that defendant was guilty, was proper. The jury was correctly instructed on burden of proof. The evidence of guilt was overwhelming: defendant was caught hiding near the building shortly after the break-in with burglar's tools and with merchandise taken from the building. See *People v Robin-*

*son,* 386 Mich 551, 562–563; 194 NW2d 709, 713 (1972), *People v Swan,* 56 Mich App 22, 32; 223 NW2d 346, 352 (1974), *People v Dersa, supra.*

Defendant also claims as error a comment contained in the prosecutor's opening statement, but, since any prejudice resulting from the comment could have been cured by instruction, failure to object precludes review. *People v Hall,* 396 Mich 650, 655; 242 NW2d 377, 379 (1976).

The certified record of sentence erroneously credits defendant with 84 days of time served prior to sentencing. Defendant shall be credited with 116 days. GCR 1963, 820.1(7).

Affirmed as modified.