PEOPLE v GREEN

Docket No. 58087. Submitted August 1, 1983, at Lansing.—Decided December 20, 1983.

Louis P. Green was convicted of armed robbery and of being a third-felony offender, Washtenaw Circuit Court, Patrick J. Conlin, J. During closing argument, the prosecutor propounded a series of questions and called on defense counsel to answer these questions. Defense counsel objected and moved for a mistrial, which was denied. Defendant appealed. *Held:*

The grant or denial of a motion for mistrial rests in the sound discretion of the trial judge and relief is merited only after a finding of abuse of that discretion. To find reversible error, a trial court's denial of a defendant's motion for mistrial must have been so gross as to have deprived the defendant of a fair trial and to have resulted in a miscarriage of justice. The prosecutor's questioning was not fleeting and inadvertent. It was considered and deliberate, and a violation of defendant's right to be presumed innocent and have his case proven against him beyond a reasonable doubt and of his right to remain silent. The error was unduly offensive to the sound maintenance of the judicial system, and the court's denial of a mistrial was an abuse of discretion resulting in a miscarriage of justice.

Reversed and remanded.

1. Criminal Law — Mistrial — Appeal.

The grant or denial of a motion for mistrial rests in the sound discretion of the trial judge and relief is merited only after a finding of abuse of that discretion; to find reversible error, a trial court's denial of a defendant's motion for mistrial must

References for Points in Headnotes
[1] 76 Am Jur 2d, Trial § 1080.
[2, 5] 75 Am Jur 2d, Trial § 237.
    Violation of federal constitutional rule (Griffin v California) prohibiting adverse comment by prosecutor or court upon accused's failure to testify, as constituting reversible or harmless error. 24 ALR3d 1093.
[3] 75 Am Jur 2d, Trial § 244.
[4] 21A Am Jur 2d, Criminal Law § 908.

have been so gross as to have deprived the defendant of a fair trial and to have resulted in a miscarriage of justice.

2. CRIMINAL LAW — PROSECUTORIAL COMMENT — RIGHT TO REMAIN SILENT.

An argument by a prosecutor that the evidence presented was uncontradicted is not prejudical comment on a defendant's failure to testify, even where the defendant was the only one who could have contradicted the evidence.

3. CRIMINAL LAW — PROSECUTORIAL COMMENT — BURDEN OF PROOF.

An argument by a prosecutor which implies that a defendant must prove something may tend to shift the burden of proof, resulting in error; similarly, where a prosecutor calls upon a defendant to present a reasonable explanation for damaging evidence, the argument may tend to shift the burden of persuasion.

4. CRIMINAL LAW — APPEAL.

An error in a criminal trial is reversible where it is unduly offensive to the maintenance of a sound judicial system or, if not so offensive, the error is not harmless beyond a reasonable doubt.

5. CRIMINAL LAW — PROSECUTORIAL COMMENT — RIGHT TO REMAIN SILENT — APPEAL.

A prosecutor is forbidden to comment upon an accused's silence in the face of accusation or his failure to testify in order to offer explanations of prejudicial evidence, and the Court of Appeals will presume that prosecutors are familiar with these principles of law.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* Assistant Prosecuting Attorney, for the people.

*Edward J. Schwartz,* for defendant.

Before: HOOD, P.J., and CYNAR and P. J. MARUTIAK,* JJ.

PER CURIAM. Defendant appeals as of right his

* Circuit judge, sitting on the Court of Appeals by assignment.

jury conviction of armed robbery, MCL 750.529; MSA 28.797, and his conviction as a third-felony offender, MCL 769.11; MSA 28.1083, following a bench trial.

At about 10:30 p.m. on September 9, 1980, a man approached the clerk, Aaron Hochman, of the Sensually Yours Bookstore in Ann Arbor and demanded money at gunpoint. Hochman complied, then telephoned police about the robbery five minutes after the robber left the bookstore. Hochman gave a description of the robber to the police.

Two police officers who responded to Hochman's call went to a restaurant approximately 35 to 40 feet from the bookstore and asked several restaurant employees if a man fitting Hochman's description of the robber had recently entered the restaurant. A waitress replied yes and pointed to an empty table where the man had been seated. Another restaurant employee, Lloyd Gary, told the officers that the man had gone into the men's restroom. The officers found defendant in the restroom. Because he fit Hochman's description of the robber, the officers detained and searched him. They found a gun, a bundle of currency, and a black valise in defendant's possession.

At defendant's jury trial, Hochman and six other witnesses testified. Defendant did not take the stand or present any defense.

Defendant raises four allegations of trial error in this appeal. We find one to be reversible error.

In closing argument the prosecutor stated:

"I have prepared about eleven questions that I am going to direct defense counsel, and I am going to ask him to answer these questions in his closing argument. I would ask the jury to pay attention to see first of all whether or not defense counsel responds to these ques-

tions, and secondly, whether or not he adequately answers those questions in your mind.

"I would ask the defense attorney, if the defendant was not the person who took the money, why did Mr. Hochman identify him as being the person who took the money?

"If Mr. Hochman was unsure of the appearance of the defendant why was he able to provide a description of the defendant accurate enough so that Mr. Wingo, Rhonda Wishnew, Patrolman Brown, and Patrolman Melby were able to identify the defendant at the Big Boy in the Ann Arbor Inn.

"If the defendant was not the person who committed the armed robbery, why was the defendant arrested fifteen minutes and a block and a half aways from the location of the crime?

"If the defendant was not the person who committed the armed robbery, why did he have a gun that was described to be the gun used at the time of the crime?

"If the defendant did not commit the armed robbery, why was he carrying a valise or a bag matching the description of that as having been used during the commission of the crime?

"If the defendant was not the person that committed the armed robbery, why did the defendant have such a large amount of money is his right front pocket, that being $182?

"If the defendant was not the person that committed the armed robbery, why wasn't this money in his wallet rather than in his right front pocket?

"If the defendant was not the person that committed the armed robbery, why does the sum of money found upon the defendant match the sum of money that was taken from the theft?

"If the defendant was not the person that committed the armed robbery, why did the clothing description as given and as testified to in court by the complaining witness match the clothing as found on the defendant as worn by the defendant fifteen minutes and a block and a half away from the crime?

"And an interesting fact that arose in this case is, if the defendant did not commit the armed robbery, why

did he give an explanation as to the fact that he was in a sweat to Rhonda Wishnew to the effect that he had just gotten out of night court or had just gotten out of divorce court, this being at 11:00 o'clock at night?

"Now, I suggest to you that perhaps the answers to some of these questions one might say are coincidence, but I suggest to you that the coincidences here are too numerous and too repetative *[sic]* and ergo we have the circumstantial evidence which supports and colloborates *[sic]* the testimony of Mr. Hochman. Thank you."

Defendant's counsel objected to the above colloquy and moved for a mistrial on the basis that the prosecutor was impermissibly commenting upon defendant's failure to testify. The trial court denied the motion.

Defendant argues on appeal that the prosecutor's questions called upon defendant, through his attorney, to explain the evidence presented against him and thus impermissibly shifted the burden of proof to defendant, deprived defendant of the presumption of innocence, and violated defendant's Fifth Amendment right to remain silent. Therefore, argues the defendant, the trial court erred by denying his motion for a mistrial.

The grant or denial of a motion for a mistrial rests in the trial court's sound discretion. Reversal by this Court is merited only upon a finding that the trial court abused that discretion. *People v Daniel Meyers (On Remand),* 124 Mich App 148, 163; 335 NW2d 189 (1983); *People v Robertson,* 87 Mich App 109, 111-112; 273 NW2d 501 (1978). This Court finds such abuse of discretion where the denial of the motion deprives the defendant of a fair trial and results in a miscarriage of justice. *Robertson, supra.*

In a closing argument a prosecutor may comment upon the evidence presented at trial and

upon the witnesses' credibility. *People v Caldwell,* 78 Mich App 690; 261 NW2d 1 (1977). A prosecutor may also argue that the evidence was uncontradicted even though the defendant is the only person who could have contradicted the evidence. *People v Parker,* 307 Mich 372; 11 NW2d 924 (1943); *People v Peace,* 48 Mich App 79; 210 NW2d 116 (1973).

Nevertheless, a prosecutor may not imply in closing argument that defendant must prove something or present a reasonable explanation for damaging evidence because such an argument tends to shift the burden of proof. *People v Nabers,* 103 Mich App 354, 369; 303 NW2d 205 (1981), *aff'd in part and rev'd in part* 411 Mich 1046 (1981); *People v Heath,* 80 Mich App 185, 188; 263 NW2d 58 (1977); *United States v Smith,* 500 F2d 293, 298 (CA 6, 1974). Furthermore, there is no real distinction between asking defendant or asking his or her counsel to provide such proof or explanation. *Heath, supra.* Moreover, such a technique indirectly focuses upon a defendant's exercise of his or her Fifth Amendment right to remain silent should defendant decide not to testify. *Nabers, supra.*

We find that the prosecutor's 11 questions in this case did require defendant to explain the evidence against him, thus shifting the burden of proof. Moreover, the prosecutor's argument indirectly focused the jurors' attention upon defendant's failure to testify, thus violating defendant's Fifth Amendment protections.

An error such as this is reversible where it is unduly offensive to the maintenance of a sound judicial system or, if not so offensive, the error is not harmless beyond a reasonable doubt. *People v Robinson,* 386 Mich 551, 563; 194 NW2d 709

(1972); *People v Christensen,* 64 Mich App 23, 25-33; 235 NW2d 50 (1975), *lv den* 397 Mich 839 (1976). In past cases, this Court has not reversed when it has found similar errors to be harmless. *Nabers, supra; Heath, supra.*

However, in *People v Swan,* 56 Mich App 22, 35; 223 NW2d 346 (1974), *lv den* 395 Mich 810 (1975), this Court said:

"In finding the error harmless in this case, we wish to emphasize that we do not condone conduct which directly or indirectly restricts or penalizes the exercise of the constitutional right to remain silent in the face of accusation. *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973). We will find it difficult in the future to believe that prosecutors and police are ignorant of the well-established principle of law which forbids comment upon an accused's silence or that clear violations of the principle arise from inadvertence. Deliberate violations of this rule may lead us to reverse convictions even where evidence might be overwhelming. The prosecutor who comments, or elicits comment, on a defendant's silence thus risks the loss of a perfectly good case for no reason."

This Court in *Nabers, supra,* p 370, extends the application of that principle:

"This principle from *Swan* holds true for violations of the equally well-established legal principle that a prosecutor may not comment on the defendant's failure to take the stand and explain away evidence. It is extremely hard to believe that any prosecutor is not familiar with this principle which has been part of Michigan jurisprudence since before the turn of the century. *People v Lange,* 90 Mich 454, 458-459; 51 NW 534 (1892)."

Despite the warning given to prosecutors in *Swan, supra,* this Court in *Nabers* did not reverse

the defendant's conviction because it found the egregious comment to be fleeting and inadvertent, thus not a violation of the first prong of the harmless error test. *Robinson, supra.*

In this case we cannot similarly find the prosecutor's questioning to be fleeting and inadvertent. Instead, it was obviously considered and deliberate. Therefore, we find the error to be unduly offensive to the sound maintenance of the judicial system. Although the thrust of the prosecutor's questioning was that there was no reasonable explanation of the evidence other than that defendant was guilty, *Heath, supra,* the form of this argument was a deliberate, albeit indirect, violation of defendant's right to be presumed innocent and have his case proven against him beyond a reasonable doubt and of his right to remain silent.

Because we find the prosecutor's error to be reversible, we find that the trial court's failure to grant defendant's motion for mistrial was an abuse of discretion that resulted in a miscarriage of justice.

We address defendant's remaining allegations of error only to the extent that discussion of them will assist the trial court upon retrial.

We agree with defendant's argument that the evidence that Aaron Hochman identified defendant as the robber from a photographic display should have been suppressed. Defendant was in custody at the time of the display, and the people failed to show that they made any effort to conduct a corporeal lineup. *People v Anderson,* 389 Mich 155, 186-187; 205 NW2d 461 (1973). While it was possible that defendant's appearance was so distinctive that there were insufficient persons available for a lineup with defendant's physical characteristics, *Anderson, supra,* the officer in

charge did not even attempt to find such persons. Nevertheless, this error was not reversible in this case because Hochman had an independent basis for his in-court identification. *People v Kachar*, 400 Mich 78, 95-96; 252 NW2d 807 (1977). However, the photographic display identification evidence should be excluded at defendant's new trial.

As to defendnat's argument regarding prior conviction evidence, the trial court did properly interpret the time limit of MRE 609(b). Because defendant was not released from confinement on his 1965 breaking and entering conviction until 1971, that prior conviction came within 10 years of defendant's 1980 trial. This, of course, will no longer be an issue on retrial. As to defendant's argument that the trial court failed to properly articulate admissibility factors, MRE 609(a)(2), we note that defendant failed to provide us with the transcript for a review of this issue.

Finally, we find that the trial court properly granted the prosecutor's motion to strike Lloyd Gray as an endorsed witness. The court properly found, either expressly or implicitly, that Gray was not a res gestae witness, his testimony was not material or necessary, and his testimony would have been cumulative.

Reversed and remanded.