# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 23, 2014

Plaintiff-Appellee,

v

No. 315542
Kalamazoo Circuit Court
LC No. 2012-001817-FH

CHRISTOPHER ANTONIO TAYLOR, JR.,

Defendant-Appellant.

Before: METER, P.J., and WHITBECK and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right from his convictions by a jury of armed robbery, MCL 750.529; first-degree home invasion, MCL 750.110a(2); and larceny in a building, MCL 750.360. The trial court, applying a fourth-offense habitual offender enhancement under MCL 769.12, sentenced him to 15 to 35 years' imprisonment for armed robbery, 10 to 35 years' imprisonment for first-degree home invasion, and 5 to 15 years' imprisonment for larceny in a building. We affirm.

Three women were present in an apartment together with several children on the evening of November 24, 2012. At one point, one woman heard a door fling open, and she saw three men enter the apartment. Two of the men were holding guns; one of these men was identified as defendant. The two other women went to see what was happening, and a man pointed a gun at the two. The two women retreated by crawling, and from another room in the apartment, one woman saw three men running outside to a white Grand Prix with wrapped presents and a television from the apartment. The woman saw defendant in the driver's seat of the car.

Defendant first argues that the testimony of an officer who interviewed him constituted improper opinion testimony. The officer stated that he did not believe defendant's story at the time of the interview and thought that his story was strange. This argument is unpreserved because defendant failed to object, and we review unpreserved issues for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). "A witness may not opine about the defendant's guilt or innocence in a criminal case." *People v Heft*, 299 Mich App 69, 81; 829 NW2d 266 (2012). However, when a fair reading of an officer's testimony reveals that he did not opine about the defendant's guilt but, instead, explained the steps of his investigation from his personal perceptions, the testimony is proper. *Id*. at 83. We find that the statements in question were proper. A fair reading of the statements is that they

-1-

were offered to explain the officer's actions in choosing to continue to question defendant regarding his location during the night of the incident and to highlight that defendant gave inconsistent information. Because the officer was suspicious of defendant's version of events, he continued to question defendant. "The testimony of the officer[] here was not similar to statements that we have concluded are improper opinions about a defendant's guilt." *Id*. The officer did not testify about defendant's "guilt in general," *id*., and only testified regarding his suspicions at the time of his interview with defendant and the questioning he undertook as a result. The testimony was proper, and defendant has not established an entitlement to reversal under the plain-error rule. *Carines*, 460 Mich at 763-764.

Defendant next argues that remarks by the prosecutor during closing were improper because the remarks improperly shifted the burden of proof by implying that defendant was required to provide a reasonable explanation for damaging evidence. This argument is also unpreserved. "In a closing argument a prosecutor may comment upon the evidence presented at trial and upon the witnesses' credibility." *People v Green*, 131 Mich App 232, 236-237; 345 NW2d 676 (1983). "A prosecutor may also argue that the evidence was uncontradicted even though the defendant is the only person who could have contradicted the evidence." *Id*. at 237. "Nevertheless, a prosecutor may not imply in closing argument that defendant must prove something or present a reasonable explanation for damaging evidence because such an argument tends to shift the burden of proof." *Id*. Here, in the context of discussing conflicting statements defendant made during his interviews with police officers after the incident, the prosecutor stated:

> [Defendant is] identified by the victim and when he's asked to provide his explanation he cannot tell the officers where he was that night. He cannot give a reasonable explanation as to why he's in possession of the gun. His statement is all over the map of Kalamazoo and he does not provide a reasonable explanation as to why he's in the car, why he's in possession of the gun, why he's identified.

> * * *

> Presumption of innocence, ladies and gentleman, you are presumed to be innocent of the crime until proven guilty beyond a reasonable doubt. We have the identity. We have the description of the crime. There is no doubt of the witnesses. He doesn't have to prove his guilt or innocence. But when the evidence proves beyond a reasonable doubt and his explanation to the officers makes absolutely no sense and there is no evidence presented to contradict the evidence that speaks to the crime beyond a reasonable doubt. There is only one explanation as to what happened ladies and gentleman. And that's the explanation that the Defendant did participate in this armed robbery. He did participate in this home invasion and he did participate in this larceny.

We find that these statements were proper. The evidence at trial established that defendant changed his story of events during the investigation and an officer testified that he did not believe defendant was being fully honest in his story and that he continued to question defendant. Viewing the challenged statements in context, the prosecutor was properly commenting on the evidence of defendant's conversations with the officers and not on

-2-

defendant's lack of explanation pertaining to his overall guilt.  *Id*. at 236 ("a prosecutor may comment upon the evidence presented at trial"); see also *People v Bahoda*, 448 Mich 261, 267 n 7; 531 NW2d 659 (1995) (stating that a reviewing court must read the prosecutor's remarks as a whole in light of all the facts of a case).  We therefore find that defendant has not established any error pertaining to the prosecutor's remarks.

In addition, even assuming the statements were improper, defendant has not shown that any error affected his substantial rights.  The trial court instructed the jury that the lawyers' statements and arguments were not evidence; that defendant was to be presumed innocent; and that, to find defendant guilty, it must find that the prosecutor proved each element beyond a reasonable doubt.  "Jurors are presumed to follow instructions, and instructions are presumed to cure most errors."  *People v Petri*, 279 Mich App 407, 414; 760 NW2d 882 (2008).  Moreover, substantial evidence established defendant's guilt, including a witness who testified that defendant entered the apartment with a gun and a witness who testified that defendant was in the driver's seat of the vehicle at the scene.  Both witnesses recognized defendant from previous encounters.  In addition, the witnesses' descriptions of defendant's clothes and vehicle were consistent, and defendant was later found driving a vehicle matching the description.  Under all the circumstances, defendant has not shown that any error affected his substantial rights.  *Carines*, 460 Mich at 763-764.

Defendant lastly argues that counsel was ineffective for failing to object to the officer's testimony and for failing to object to the prosecutor's closing remarks.  Because the testimony and remarks were proper, defense counsel was not ineffective. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Affirmed.

/s/ Patrick M. Meter
/s/ William C. Whitbeck
/s/ Michael J. Riordan