# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

RODNEY LEROY BRISTOL,

       Defendant-Appellant.

UNPUBLISHED
November 17, 2015

No. 322285
Wayne Circuit Court
LC No. 13-010072-FC

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

DAVEON ZACHARIA HENRY,

       Defendant-Appellant.

No. 325853
Wayne Circuit Court
LC No. 13-010072-FC

Before: SAWYER, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

A jury convicted defendant Rodney Leroy Bristol of armed robbery, MCL 750.529, felon in possession of a firearm, MCL 750.224f, carrying a concealed weapon (CCW), MCL 750.227, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. A separate jury convicted defendant Daveon Zacharia Henry of armed robbery, carrying a dangerous weapon with unlawful intent, MCL 750.226, and felony-firearm. The trial court sentenced Bristol to 11 to 20 years' imprisonment for the armed robbery conviction and two to five years' imprisonment for the felon-in-possession and CCW convictions, to be served consecutive to five-years' imprisonment for the felony-firearm conviction. The court sentenced Henry to 10 to 25 years' imprisonment for the armed robbery conviction and two to five years' imprisonment for the carrying a dangerous weapon conviction, and a consecutive two-years' imprisonment for the felony-firearm conviction. Both defendants appeal as of right. We affirm defendants' convictions but remand for further proceedings consistent with this opinion.

## I. DOCKET NO. 322285 (DEFENDANT BRISTOL)

-1-

## A. PROSECUTOR MISCONDUCT

Defendant Bristol argues that the prosecutor improperly shifted the burden of proof to him by focusing the jury's attention on his failure to testify during her closing rebuttal argument. We disagree.

This Court reviews preserved claims of prosecutorial misconduct case by case, examining the challenged conduct in context to determine whether the defendant received a fair and impartial trial. *People v Rodriguez*, 251 Mich App 10, 29-30; 650 NW2d 96 (2002). Prosecutors are given latitude with regard to their arguments. *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995). "They are free to argue the evidence and all reasonable inferences from the evidence as it relates to their theory of the case." *Id*. (citation omitted). But a prosecutor may not imply in closing argument that the defendant must prove something or present a reasonable explanation for damaging evidence, thereby shifting the burden of proof. *People v Green*, 131 Mich App 232, 237; 345 NW2d 676 (1983); see also *People v Fields*, 450 Mich 94, 115; 538 NW2d 356 (1995). To do so would focus the jury's attention upon the defendant's failure to testify, which violates the defendant's Fifth Amendment right to remain silent. *Green*, 131 Mich App at 237; see *People v Abraham*, 256 Mich App 265, 273; 662 NW2d 836 (2003).

During closing argument, Bristol's defense counsel argued against the prosecution's theory of the case, referencing statements made by defendant Bristol to police, which were admitted during trial. In response, the prosecution addressed the inconsistencies between counsel's argument and defendant's statement. The prosecution did not suggest that defendant had anything to prove or should have testified. Rather, the prosecutor's statements were responsive to defense counsel, and argued inferences that could be drawn from statements Bristol had already made. A "prosecutor may fairly respond to an issue raised by the defendant," *People v Brown*, 279 Mich App 116, 135; 755 NW2d 664 (2008), and "argue the evidence and all reasonable inferences from the evidence," *Bahoda*, 448 Mich at 282. Thus, we conclude that the prosecutor's remarks did not improperly shift the burden of proof or deny Bristol a fair trial.[1]

## B. CCW SENTENCE

Defendant Bristol next argues that the trial court's judgment of sentence erroneously requires that his felony-firearm sentence be served consecutive to his sentence for CCW. The prosecutor concedes, and we agree, that remand is appropriate for the ministerial task of amending the judgment of sentence to indicate that the felony-firearm and CCW sentences are to be served concurrently. Because "a defendant is not guilty of felony[-]firearm if the underlying felony is [CCW]," *People v Cortez*, 206 Mich App 204, 207; 520 NW2d 693 (1994), and "the Legislature intended that a felony-firearm sentence be consecutive only to the sentence for a specific underlying felony," *People v Clark*, 463 Mich 459, 463; 619 NW2d 538 (2000), the trial court improperly ordered the felony-firearm sentence to be served consecutive to the CCW

---

[1] Bristol asserts that the cumulative effect of the prosecutor's several comments require reversal, but there can be no cumulative effect of errors meriting reversal absent the establishment of errors. *People v Dobek*, 274 Mich App 58, 106; 732 NW2d 546 (2007).

sentence. But, as in *Cortez*, the presence of other underlying felonies—armed robbery and felon in possession of a firearm—allow Bristol's felony-firearm conviction to stand and the felony-firearm sentence may run consecutive to the sentences for those convictions. *Id.* Thus, we remand for correction of Bristol's judgment of sentence to specify that the felony-firearm and CCW sentences are to be served concurrently.

## II. DOCKET NO. 325853 (DEFENDANT HENRY)

### A. SUFFICIENCY OF THE EVIDENCE

Defendant Henry argues that there was insufficient evidence presented to sustain his conviction for felony-firearm. We disagree. Challenges to the sufficiency of the evidence are reviewed de novo to "determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Russell*, 297 Mich App 707, 721; 825 NW2d 623 (2012) (citation omitted). "This Court reviews the evidence in the light most favorable to the prosecution." *Id*.

"The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v Johnson*, 293 Mich App 79, 82-83; 808 NW2d 815 (2011) (citation omitted). Although the issue raised by defendant was whether sufficient evidence was presented to convict him of felony-firearm, the crux of his argument seems to be that there was insufficient evidence to show his identity as the perpetrator of the robbery. "[I]t is well settled that identity is an element of every offense." *People v Yost*, 278 Mich App 341, 354, 356; 749 NW2d 753 (2008). Therefore, it is axiomatic that the prosecution must prove the identity of the defendant as the perpetrator of the charged offense beyond a reasonable doubt. Positive identification by a witness may be sufficient to support a conviction of a crime. *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000). "The credibility of identification testimony is for the trier of fact to resolve that we do not resolve anew." *Id.*

At trial, the victim, a former police officer trained to pay attention to details, positively identified defendant Henry as the perpetrator of the robbery. The victim also identified defendant in a photographic array before trial. She testified that she observed the perpetrator standing approximately one foot away from her for just over one minute. Although the perpetrator demanded that she not look at him, the victim did the opposite and "looked at him directly in his eyes." It was dark outside, but the victim testified that she could see the perpetrator because the parking lot had artificial lighting. The victim subsequently described some of the perpetrator's identifying characteristics to the police. According to the victim, Henry pointed a small black handgun at her head during the offense, and threatened to shoot her if she did not quickly give him her ring. Based on this testimony, there was sufficient evidence to establish defendant's identity as the perpetrator. Defendant Henry attempts to attack the credibility of the victim's testimony by arguing that the victim's observations were impaired by the brief nature of the incident, the impact of the traumatic experience, obstruction of the victim's view by her purse, and inconsistencies in the victim's description of defendant. However, "[t]he credibility of identification testimony is for the trier of fact to resolve that we do not resolve anew." *Id*.

Furthermore, the victim's identification was not the only evidence linking Henry to the charged crimes. The evidence showed that on the same evening, Henry borrowed a distinctive white van with stripes, which was identified by several witnesses and observed in the security footage at the liquor store during the robbery. The perpetrator exited that van before the robbery and appeared to run toward it afterward. In addition, some of the victim's possessions were recovered from a van with the same distinctive characteristics during a traffic stop about half an hour later. Although Henry was not in the van at the time of the stop, the van's owner, Keith Marzette, testified that Henry and Bristol had just returned to the van to his house before he and another man left with it and were stopped. Henry and Bristol were still at Marzette's house when the police conducted a search of the home after the traffic stop. While defendant asserts that Marzette's presence in the van shortly after the incident and the lack of fingerprints found on the firearm recovered during defendant's arrest cast reasonable doubt on his conviction, we conclude that, viewing all of these facts in a light most favorable to the prosecution, there was sufficient evidence to support defendant's conviction of felony-firearm. *Russell*, 297 Mich App at 721.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Next, Henry argues that defense counsel was ineffective for failing to consult and call an expert in eyewitness identification. We disagree. Because he failed to raise these claims below in a motion for a new trial or request for an evidentiary hearing, our review is limited to mistakes apparent from the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). "To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013), citing *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Nix*, 301 Mich App at 207.

MCL 775.15 authorizes payment of funds for an expert witness when the defendant makes a showing that the witness is material and necessary to safely proceed to trial. *People v Carnicom*, 272 Mich App 614, 617; 727 NW2d 399 (2006). To warrant appointment of an expert, a defendant must demonstrate a nexus between the facts of the case and the need for the expert. *People v McDade*, 301 Mich App 343, 356; 836 NW2d 266 (2013). The mere possibility of assistance from the requested expert is insufficient to warrant an appointment. *Id*. "Without an indication that expert testimony would likely benefit the defense, a trial court does not abuse its discretion in denying a defendant's motion for appointment of an expert witness." *Carnicom*, 272 Mich App at 617.

Nothing in the record demonstrates that an expert was necessary for Henry to safely proceed to trial. See *id*. Through cross-examination, defense counsel challenged the reliability and accuracy of the identification testimony and argued that there was no physical evidence to support the charges. Specifically, Henry's defense counsel elicited testimony from the victim that she told police that the perpetrator put her purse in front of her face, thus obstructing her view; that the perpetrator was slim and weighed 150 pounds when the record demonstrated that he weighed more; and that only four of the six people pictured in the photographic array wore clothing similar to the clothing she described the perpetrator wearing. Counsel obtained testimony from another witness, a customer who was in the parking lot at the time of the

robbery, that he never saw the perpetrator's face and that the customer only guessed the age of the perpetrator from the way he moved and the clothes he wore. Further, both the victim and the customer testified on cross-examination that they were excited, startled, and upset by the incident. Defense counsel further elicited that Marzette, who was stopped by police with the stolen items, exhibited consciousness of guilt. Moreover, even though Henry was arrested near the gun, defense counsel produced testimony that other people were also nearby, the arresting officer could not see the gun fall from Henry's lap, and there was no physical evidence connecting the gun to the charged crimes. Based on defense counsel's effective cross-examination, Henry has failed to overcome the presumption that defense counsel reasonably determined that an identification expert was not necessary, *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009), or shown that he was prejudiced by the absence of such an expert at trial, *Nix*, 301 Mich App at 207. Consequently, we reject Henry's ineffective assistance of counsel claim.

## C. FAILURE TO INVESTIGATE

Henry next argues that the police and prosecutor denied him a fair trial by failing to sufficiently investigate and analyze evidence. Henry did not raise this issue in the trial court, leaving it unpreserved. Therefore, we review this issue for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

Due process demands that a criminal defendant have "a meaningful opportunity to present a complete defense," which includes a defendant's receipt of exculpatory evidence. *People v Anstey*, 476 Mich 436, 460; 719 NW2d 579 (2006). However, "[f]or due process concerns, there is a crucial distinction between failing to disclose evidence that has been developed and failing to develop evidence in the first instance." *Id.* at 461. Here, Henry does not argue that the prosecutor or the police actually possessed evidence that could potentially have assisted his defense. Instead, Henry argues that the police and prosecutor denied him his right to a fair trial by failing to sufficiently investigate the case. Henry argues that the police and the prosecutor should have developed the evidence by investigating Marzette, who demonstrated some consciousness of guilt, by further fingerprinting the gun and the van, and by searching for the other stolen items that were not found in the van. We disagree. In *Anstey,* our Supreme Court explained that "police have no constitutional duty to assist a defendant in developing potentially exculpatory evidence," and, thus, defendant's constitutional right to present a defense is not violated by the police or prosecutor's failure to develop potentially exculpatory evidence. *Id.* Rather, Henry was free to argue to the jury that further investigation might have pointed to a different perpetrator, but the police did not have a constitutional duty to perform particular tests or collect certain evidence. *Arizona v Youngblood*, 488 US 51, 59; 109 S Ct 333; 102 L Ed 2d 281 (1988). Because neither the prosecutor nor the police owed Henry a constitutional duty to develop potentially favorable evidence, Henry has failed to show that any inaction by the police and prosecutor amounted to a plain error that deprived him of his due process right to a fair trial. *Antsey*, 476 Mich at 461-462.

## D. SENTENCING

Henry next argues that he is entitled to resentencing because the trial court engaged in impermissible judicial fact-finding to score the sentencing guidelines, contrary to *Alleyne v*

*United States*, 570 US___; 133 S Ct 2151; 186 L Ed 2d 314 (2013).  Because defendant did not object to the scoring of the guidelines at sentencing on the basis of *Alleyne*, this issue is unpreserved and appellate review is limited to plain error affecting substantial rights.  *People v Lockridge*, 498 Mich 358, 392; ___ NW2d ___ (2015).

In *Alleyne*, 133 S Ct at 2163, the United States Supreme Court held that because "mandatory minimum sentences increase the penalty for a crime," any fact that increases the mandatory minimum is an "element" that must "be submitted to the jury and found beyond a reasonable doubt."  In *Lockridge*, 498 Mich at 364, our Supreme Court held that Michigan's sentencing guidelines are constitutionally deficient under *Alleyne* to the extent that "the guidelines *require* judicial fact-findings beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range, i.e. the 'mandatory minimum' sentence under *Alleyne*."  To remedy the constitutional violation, the Court severed MCL 769.34(2) to the extent that it makes the sentencing guidelines, as scored based on facts beyond those admitted by the defendant or found by the jury, mandatory.  *Id.*  The Court explained that a sentencing court must still score the guidelines to determine the applicable guidelines range, but a guidelines range calculated in violation *Alleyne* is now advisory only.  *Id.* at 365.

Henry challenges his 15-point score for OV 1, MCL 777.31(1)(c), which  permits a trial court to score 15 points "if a firearm was pointed at or toward a victim."  To convict defendant of armed robbery, the jury was only required to find beyond a reasonable doubt that defendant was armed with a weapon—not that he pointed it at the victim.  *People v Smith*, 478 Mich 292, 319; 733 NW2d 351 (2007); MCL 750.529.  Likewise, neither of Henry's firearm convictions required a finding that he pointed a firearm at his victim, just that he possessed a firearm.  *People v Mitchell*, 301 Mich App 282, 292; 835 NW2d 615 (2013); *Johnson*, 293 Mich App at 82-83.  Although the victim testified that Henry pointed a gun at her, this fact was not necessary to support his convictions, and the jury did not render any finding and defendant made no admissions regarding that matter.  Because any lesser score for OV 1 will change Henry's sentencing guidelines range, Henry has made a sufficient showing of plain error to justify remanding this case to the trial court for a determination whether, now aware of the advisory nature of the guidelines, it would have imposed a materially different sentence.[2]  *Lockridge*, 498 Mich at 397.

E.  COURT COSTS

---

[2] Henry makes a similar argument regarding the score of five points for OV 2.  MCL 777.32(1)(d) permits a trial court to score five points if an offender "possessed or used a pistol, rifle, shotgun, or knife or other cutting or stabbing weapon."  A pistol is a firearm, MCL 750.222, and the jury found that Henry possessed a firearm when it convicted him of felony-firearm.  Therefore, the facts found by the jury were sufficient to score five points for OV 2.  However, remand is still required on the basis of the trial court's reliance on facts not found by the jury to score OV 1.

Defendant next argues that the trial court erred when it imposed $600 dollars in court costs because it did not have independent statutory authority to do so. We agree that the trial court lacked independent statutory authority to impose costs pursuant to MCL 769.1k(1)(b)(*ii*), but further hold that the trial court may impose costs pursuant to MCL 769.1k(1)(b)(*iii*).

A defendant must object when the trial court orders a defendant to pay costs and attorney fees. *People v Konopka (On Remand)*, 309 Mich App 345, 356; 869 NW2d 651 (2015). Defendant failed to object when the trial court ordered him to pay $600 in court costs. Therefore, this issue is unpreserved. This Court reviews unpreserved issues for plain error affecting a defendant's substantial rights. *Carines*, 460 Mich at 763.

Defendant contends that the trial court erred in imposing $600 in court costs because the trial court did not have independent authority for the imposition of costs, as required by *People v Cunningham*, 496 Mich 145; 852 NW2d 118 (2014). In *Cunningham*, our Supreme Court held that the former version of MCL 769.1k(1)(b)(*ii*) provided courts with the authority to impose only those costs that were separately authorized by statute. *Id*. at 154. In this case, the imposition of court costs was not separately authorized by statute, as required by *Cunningham*.

Nonetheless, the trial court's imposition of court costs is authorized by the amended version of MCL 769.1k(1)(b)(*iii*). On October 17, 2014, the Legislature amended MCL 769.1k to allow a trial court to impose any costs reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case. MCL 769.1k(1)(b)(*iii*). This amended version became effective on October 17, 2014, and applies to all fines, costs, and assessments under MCL 769.1k before June 18, 2014, and after the effective date of the amendatory act. *Id*. at 357, citing 2014 PA 352. Here, the court costs were imposed on June 3, 2014. Accordingly, the amended version of MCL 769.1k applies.

The amended version of MCL 769.1k(1)(b) provides, in relevant part:

(b) The court may impose any or all of the following:

\* \* \*

(*iii*) Until 36 months after the date the amendatory act that added subsection (7) is enacted into law, any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case, including, but not limited to, the following:

(A) Salaries and benefits for relevant court personnel.

(B) Goods and services necessary for the operation of the court.

(C) Necessary expenses for the operation and maintenance of court buildings and facilities.

In this case, the trial court imposed $600 in court costs without explanation. Although the court costs do need to be separately calculated, MCL 769.1k(1)(b)(*iii*), the trial court must establish a factual basis under the statute for the costs imposed. *Konopka*, 309 Mich App at 359.

"[W]ithout a factual basis for the costs imposed, we cannot determine whether the costs imposed were reasonably related to the actual costs, as required by MCL 769.1k(1)(b)(*iii*)." *Id*. at 359-360. Therefore, we remand to the trial court to establish a factual basis for the $600 in court costs imposed.[3]

### III. CONCLUSION

We affirm each defendant's convictions. However, we remand for correction of defendant Bristol's judgment of sentence to specify that his sentences for felony-firearm and CCW are to be served concurrently with each other. We also remand for further inquiry of defendant Henry's sentences in accordance with *Lockridge*, and to determine a factual basis for the $600 in court costs.

Affirmed in part and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood

---

[3] The remainder of Henry's arguments, which he sets forth in a supplemental pro se brief filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4, are duplicative of arguments already addressed and rejected earlier in this opinion, or involve cursory claims that lack supporting argument such that we deem them abandoned. *Payne*, 285 Mich App at 195 (appellant may not merely announce his position and leave it to this Court to discover and rationalize his claims).