*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
March 14, 2019

v

JOSHUA AARON KEATING,

Defendant-Appellant.

No. 340693
Livingston Circuit Court
LC No. 16-023805-FC

Before: METER, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

Defendant appeals as of right his convictions of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(a) (victim under 13), two counts of second-degree criminal sexual conduct (CSC II), MCL 750.520c(2)(b) (victim under 13), and indecent exposure, MCL 750.335a. The trial court sentenced defendant to serve concurrently 15 to 40 years' imprisonment for his CSC I conviction, 10 to 15 years for each of his CSC II convictions, and one year in jail for his indecent exposure conviction. Defendant received 383 days credit for time served. We affirm.

Defendant was tried and convicted of sexually abusing two female members of his family's household. Both victims, BG and AK, testified against defendant during the trial regarding the sexual abuse that defendant repeatedly perpetrated against them. During AK's testimony, she also testified that another member of the household, defendant's stepbrother, Nick Paciocco, sexually abused her. Defendant's aunt testified on defendant's behalf and asserted that defendant had a reputation for honesty in the family community but AK did not. During direct examination, she testified that she loved defendant, BG and AK, and stated that she "still loved" Paciocco. During cross-examination, the prosecutor asked defendant's aunt why she stated that she still loved him. She explained that she said it that way because Paciocco had been convicted "of a horrible crime" and his mother accused her out in the hallway of being happy that he would die in prison.

Defendant first argues that the prosecutor committed misconduct during the questioning of defendant's aunt by eliciting testimony that impermissibly bolstered the victims' credibility.

In conjunction with this claimed error, defendant asserts that defense counsel provided ineffective assistance by failing to object. Defendant contends that his aunt's testimony informed the jury that Paciocco was convicted of the same type of offenses and involved the same victims. Defendant argues that his aunt's testimony told the jury that another jury found the victims' testimony truthful and thereby impermissibly bolstered the victims' credibility. We find no merit to either of defendant's arguments regarding his aunt's testimony.

A party must object at the time of admission, to preserve for appeal a claim of the improper admission of evidence. *People v Knox*, 469 Mich 502, 508; 674 NW2d 366 (2004). To preserve an issue of prosecutorial misconduct, a defendant must contemporaneously object and request a curative instruction. *People v Unger (On Remand)*, 278 Mich App 210, 235; 749 NW2d 272 (2008). In this case, defense counsel did not contemporaneously object or seek a curative instruction regarding alleged misconduct by the prosecution. Therefore, defendant did not preserve the issue of prosecutorial misconduct. To preserve a claim of ineffective assistance of counsel, defendant must move in the trial court for a new trial or an evidentiary hearing.[1] *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). Defendant failed to move for a new trial or an evidentiary hearing. Consequently, defendant also failed to preserve the ineffective assistance of counsel issue for appeal.

We review unpreserved issues for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Defendant must establish (1) that an error occurred, (2) the error was plain, and (3) the plain error affected his substantial rights. *Id*. The third part of the test requires "a showing of prejudice, i.e., that the error affected the outcome of the trial court proceedings." *Id*. (citation omitted). "Reversal is warranted only when plain error resulted in the conviction of an actually innocent person, or seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id*. (citation omitted). Review of unpreserved claims of ineffective assistance of counsel is limited to review for errors apparent on the record. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004).

Under Michigan law, "a prosecutor's role and responsibility is to seek justice and not merely convict, the test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007) (citations omitted). A fair trial for a defendant "can be jeopardized when the prosecutor interjects issues broader than the defendant's guilt or innocence." *Id*. at 63-64. Witnesses are not permitted "to comment or provide an opinion on the credibility of another witness since matters of credibility are to be determined by the trier of fact." *People v Buckey*, 424 Mich 1, 17; 378 NW2d 432 (1985) (quotation marks and citations omitted). Nevertheless, one "of the elementary principles of cross-examination is that the party having the right to cross-examine has a right to draw out from the witness and lay before the jury anything tending or which may tend to contradict, weaken, modify, or explain the testimony of the witness on direct examination or which tends or may tend to elucidate the testimony or affect the credibility of the witness." *People v Salimone*, 265 Mich 486, 499-500; 251 NW 594 (1933). Further, "prosecutorial misconduct cannot be

---

[1] See *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

predicated on good-faith efforts to admit evidence." *People v Noble*, 238 Mich App 647, 660; 608 NW2d 123 (1999) (citation omitted).

In this case, defendant's aunt's testimony on direct examination in response to questions by defense counsel, that she "still loved" Paciocco, invited the prosecutor to inquire further on cross-examination regarding her remark. The record reflects that the prosecutor asked her to explain her comment. She clarified that she still loved him because "he's been convicted of a horrible crime. And his mother just accused me of being happy that he would die in prison." She stated that she was not happy. After she clarified her remarks the prosecutor cross-examined her on other aspects of her testimony regarding defendant's reputation for truthfulness and her opinion that AK had a reputation in the family for being dishonest. The record reflects that the prosecution did not ask defendant's aunt questions regarding the offenses of which Paciocco had been charged and convicted. Her testimony made no mention that he was convicted for committing the same type of offenses for which defendant faced trial. She also did not testify that Paciocco's case involved the same victims as in this case. Notably, the trial record in this case does not indicate that the victims testified in any proceeding that involved Paciocco. We find nothing in the record that supports defendant's contention that the testimony bolstered the victims' credibility. Defendant has not demonstrated plain error that affected his substantial rights. The record does not establish bad faith on the part of the prosecutor or that defendant was prejudiced by admission of defendant's aunt's testimony.

Defendant argues further that defense counsel provided ineffective assistance by failing to object to the prosecutor's questions to his aunt about her remark that she still loved Paciocco. We disagree.

To establish ineffective assistance of counsel, a defendant must show "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001) (quotation marks and citation omitted). Defendant must overcome a strong presumption that defense counsel provided effective assistance. *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009). Further, defendant "has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel." *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). Defense counsel cannot be said to have rendered ineffective assistance by failing to raise meritless or futile objections. *People v Putnam*, 309 Mich App 240, 245; 870 NW2d 593 (2015).

In this case, the prosecutor properly cross-examined defendant's aunt. The prosecutor's questioning engaged defendant's aunt regarding her testimony during direct examination and sought clarification on a point that defense counsel elicited from her. We find no impropriety in the prosecutor's conduct. Any objection to the prosecutor's inquiry in this regard would likely have been overruled. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010), citing *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000). Therefore, defendant has failed to establish that defense counsel's performance fell below an objective standard of reasonableness.

Defendant also argues that the prosecutor committed prosecutorial conduct during closing argument when he stated:

> This case was not about whether the acts alleged count as criminal sexual conduct. I think that's clear from the testimony you all heard. Either the defendant had his penis in each of those girls' mouths or had them touch his penis and put his finger in their vaginas or he didn't right? Those are kind of the two binary outcomes here. Either you believe one beyond a reasonable doubt or the other is potentially true.

Defendant argues that this excerpt establishes that the prosecutor impermissibly argued that the jury was required to believe one side or the other and that the statements distorted the burden of proof resulting in an unfair trial. We disagree.

To preserve an issue of prosecutorial misconduct, a defendant must contemporaneously object and request a curative instruction. *Unger*, 278 Mich App at 235. Defendant did not object, and therefore, we review for plain error affecting substantial rights. *Carines*, 460 Mich at 763. To prove prosecutorial misconduct, defendant must establish that he was denied a fair and impartial trial. *Dobek*, 274 Mich App at 63. A fair trial for a defendant "can be jeopardized when the prosecutor interjects issues broader than the defendant's guilt or innocence." *Id*. at 63-64. "[A] prosecutor may not imply in closing argument that defendant must prove something or present a reasonable explanation for damaging evidence because such an argument tends to shift the burden of proof." *People v Green*, 131 Mich App 232, 237; 345 NW2d 676 (1983) (citations omitted). Prosecutorial comments must be read as a whole and evaluated in light of defense arguments and the relationship they bear to the evidence admitted at trial. *People v Thomas*, 260 Mich App 450, 454; 678 NW2d 631 (2004). Prosecutors have "great latitude regarding their arguments" in closing, and are "generally free to argue the evidence and all reasonable inferences from the evidence as it relates to their theory of the case." *Unger*, 278 Mich App at 236, citing *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995).

In this case, the record reflects that the prosecutor stated repeatedly throughout the prosecution's closing argument that it had the burden of proving beyond a reasonable doubt the elements of the charged offenses. The prosecutor argued that the evidence presented during trial proved all of the elements of the charged offenses. After defendant's closing argument, in rebuttal, the prosecutor summarized the evidence and conceded that the jury could conclude that defendant did not commit the offenses or find that they had doubts. The prosecution, however, argued that, based on the evidence, the jury should find defendant guilty. The record reflects that the prosecutor did not argue that the jury's decision rested solely on whether they believed defendant's or the victims' testimonies. The prosecutor argued that the jury could believe that the sexual acts occurred or disbelieve that they occurred based upon all of the evidence presented during the trial.

When viewed as a whole, the record reflects that the prosecution based its argument on the evidence presented at trial and properly argued to the jury that the prosecution bore the burden of proving the charged offenses beyond a reasonable doubt. We find no merit to defendant's argument that the prosecution distorted the burden of proof in this criminal proceeding. Accordingly, we find no error that affected defendant's substantial rights.

Defendant also argues that the trial court improperly assessed 50 points for Offense Variable 13 (OV 13) when it should only have assessed 25 points. We disagree.

We review the trial court's factual determinations at sentencing for clear error; the findings must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.* (citation omitted). "When calculating the sentencing guidelines scores, a trial court may consider all evidence in the record . . . ." *People v Jackson*, 320 Mich App 514, 519; 907 NW2d 865 (2017) (citation omitted). "A defendant is entitled to be sentenced by a trial court on the basis of accurate information." *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006). The trial court must consult the advisory sentencing guidelines and assess the highest amount of possible points for all offense variables. *People v Lockridge*, 498 Mich 358, 392 n 28; 870 NW2d 502 (2015).

MCL 777.22 requires consideration of OV 13 for all felony offenses. Points may be assessed for OV 13 if the defendant committed the offense as part of a continuing pattern of criminal behavior. MCL 777.43. Fifty points may be assessed if "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more sexual penetrations against a person or persons less than 13 years of age" MCL 777.43(1)(a), and "only if the sentencing offense is first degree criminal sexual conduct." MCL 777.43(2)(d). "[A]ll crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a).

Review of the record in this case supports the trial court's assessment of 50 points for OV 13. AK testified that defendant digitally penetrated her vagina on seven occasions when she was seven years old. AK also testified that defendant made her perform oral sex 15 times from the time she was 7 years old until 10 years old. BG testified that, when she was eight or nine years old, defendant touched her clitoris and made her perform oral sex. Although she could not remember the exact number of times defendant digitally penetrated her vagina, BG affirmed that defendant possibly digitally penetrated her vagina more than five times. BG also testified that defendant performed oral sex on her and penetrated her vagina with his tongue. BG testified that she was 12 or 13 years old the last time defendant touched her inappropriately. The testimony of the victims in this case established that a preponderance of the evidence at trial supported a finding that defendant committed a pattern of felonious criminal activity involving three or more sexual penetrations against persons less than 13 years of age.

Defendant argues that the jury acquitted him of counts involving sexual penetration of AK and that the trial court erred to the extent it relied on evidence that he sexually penetrated her to score the guidelines. We find no merit to defendant's argument.

A sentencing court has discretion in determining the number of points to be scored, provided that evidence of record adequately supports a particular score. *People v Hornsby*, 251 Mich App 462, 468; 650 NW2d 700 (2002) (citations omitted). A sentencing factor must be proved by a preponderance of the evidence. *Hardy*, 494 Mich at 438. The record reflects that the trial court appropriately considered the evidence and found that a preponderance of the

evidence at trial supported the assessment of 50 points for OV 13 because defendant committed at least three sexual penetrations of a person or persons under the age of 13.

Defendant also argues that the trial court did not provide an analysis of facts to support its assessment of points for OV 13. The record, however, reflects that the trial court considered the evidence and the witnesses' testimonies at trial at the sentencing hearing, and concluded that the evidence supported the assessment of 50 points for OV 13. Although the trial court did not elaborate on its analysis, we hold that the record evidence satisfied the scoring conditions prescribed by statute for assessing 50 points for OV 13.

Affirmed.

/s/ Patrick M. Meter
/s/ Deborah A. Servitto
/s/ James Robert Redford